BENJAMIN AYCOCK to use of B. M. ISLER *vs.* J. M. F. HAR-
RISON and others.

Where there is a judgment, and a *fi. fa.* or *vend. expo.* issues during the
life of the defendant, the Sheriff may proceed to sell, although the
defendant dies before the sale ; and so he may, when the *fi. fa.* or *vend.
expo.* issues after the death, if *tested* before. But if the Sheriff, for any
cause, return the process without a sale, no *alias* can issue *tested* after
the death of the defendant without a *sci. fa.* against his heirs.

The cases of *Wingate* v. *Gibson*, 1 Murph. 492, and *Samuel* v. *Zachary*, 4
Ire. 377, cited and approved.

The present case, when before the Court at January Term, 1869, and
reported in 63 N. C. Rep. 145, referred to and explained.

This was a motion to set aside an execution made before
his Honor, *Clarke, J.,* at the last Term of the Superior
Court of WAYNE County.

The material facts were, that at the August Term, 1861,
of the County Court of Wayne County, the plaintiff obtained
a judgment against the defendants.   Successive executions
were duly issued thereupon, and previously to May Term,
1866, a levy had been made upon the lands of the defendant
J. M. F. Harrison, who resided in the County of Craven.
This defendant died in November, 1864, leaving a last will
and testament, which was proved by John D. Flanner, who
duly qualified thereto as executor.   From May Term, 1866,
a *vend. expo.* was issued, and at the August Term thereafter,
it was returned "no sale on account of the stay law." After
the adoption of the new Constitution and the Code of Civil
Procedure, the judgment was transferred to and docketed in
the Superior Court of Wayne County, and on the 27th June,
1870, an *alias vend. expo.* was issued from that Court to the
Sheriff of Craven County, commanding him to sell the lands
of the said J. M. F. Harrison, so previously levied on, which
the Sheriff advertised for sale.

The motion to set aside the execution was made by the
executor, J. D. Flanner, and his Honor having sustained it,

and ordered the execution to be set aside, the plaintiff appealed to the Supreme Court.

*Manly & Haughton,* for the plaintiff.

No counsel, for the defendants.

READE, J. A *fi. fa.* issued after the death of the plaintiff, and when he had no representative in Court, must be set aside as having been erroneously issued. *Wingate* v. *Gibson,* 1 Murph. 492.

So, a *ven. ex.* to sell land, tested after the defendant's death without a *sci. fa.* against the heirs, is null and void. *Samuel* v. *Zachary,* 4 Ire. 377.

Where there is a judgment, and a *fi. fa.* or *ven. ex.* issues during the life of the defendant, the Sheriff may proceed to sell, although the defendant die before the sale. And so he may, when the *fi. fa.* or *ven. ex. issues* after the death but is *tested* before. But if the Sheriff, for any cause, return the process without a sale, no alias can issue tested after the death of the defendant without a *sci. fa.* against the heir.

The reason is, that when the process issues or is tested before the defendant's death, the ministerial officer can take no notice of his death but must obey the process, which being tested before the death binds the land.

But when the Sheriff returns the process without a sale an *alias* cannot issue, without the supposed or actual adjudication of the Court, and if an *alias* issue it will be supposed that the Court ordered it in ignorance of the fact of the death, and it will be set aside on motion, unless the heir or other person interested be made a party. The reason for which is, that the heir or other person in interest ought to have an opportunity to show any defense which he may have—as that he had a debt against his ancestor of equal dignity with the creditors, or that he has paid other liens of

prior *teste,* or that the widow is entitled to dower and the like. *Samuel* v. *Zachary, supra.*

These principles are decisive of this case : Judgment was obtained in 1861. The defendant, J. M. F. Harrison, died in 1864. And in 1866, the execution issued and bore *teste.* It is to be taken that the Court ordered its issue in mistake of the fact of the defendant's death, and when that fact came to the knowledge of the Court it was proper to set it aside and to refuse any other process until the party in interest was brought in.

When this case was before this Court heretofore (63 N. C. R. 145,) it did not appear to the Court that the defendant was dead.

There is no error. This will be certified.

PER CURIAM.