CAROLINE HALSO by her Guardian J. J. Halso v. JOSHUA COLE.

*Practice—Proceedings in Partition—Charge for Equality in Partition—Revival of Judgment—Notice.*

1. Where in a partition of land, one share is charged with the payment of a certain sum to another share for equality of partition a *venditioni exponas* can issue upon the decree; and it is not admissible for the creditor to obtain a personal judgment against the debtor for the sum so charged.

2. Where, in such case, the creditor did obtain a personal judgment against the debtor and after his death had the judgment revived, execution issued thereon and a part of the land in the possession of one of the heirs of the deceased debtor (the same having been partitioned( sold, but without notice to his heirs or personal representatives; *Held,* that the purchaser at such sale acquired no title.

3. In such case, even if the execution had been a *ven. ex.* issued upon the decree in the original partition suit, a sale under it would have passed no title to the purchaser. there being no notice to the heir in possession of the part sold; she was entitled to notice and an opportunity to show payment or to defend herself against the placing of the entire sum due. on her portion of the land.

(*Young* v. *Trustees*, Phil. Eq., 261; *Wynne* v. *Tunstall*, 1 Dev. Eq., 23; *Aycock* v. *Harrison*, 65 N. C., 8; *McCarson* v. *Richardson*, 1 Dev. &. Bat., 561; *Samuel* v. *Zachery*, 4 Ired., 377, cited and approved.)

CIVIL ACTION to recover Possession of Land, tried at Spring Term, 1879, of DUPLIN Superior Court, before *Seymour, J.*

The facts material to the question decided are embodied in the opinion. Verdict for plaintiff, judgment, appeal by defendant.

*Mr. H. R. Kornegay,* for plaintiff.
*Messrs. W. A. Allen & Son,* for defendant.

11

DILLARD, J.   This was an action to recover real estate and the pleadings disclose none of the facts material to the decision of the points made and discussed before us, as they consist merely of complaint and answer, putting the controversy on the title in general terms, and without exhibits showing the claim of title or other facts relied on to support their claims respectively, and therefore it is that we will have to take the facts from the statement of the case of appeal of the judge, which itself is less full than is desirable.

The material facts, as we can best gather them, are as follows:   On the death of Robert Cole his lands were divided by due course of law, in the year 1854, among his heirs-at-law, of whom David Cole was one, and in the partition a share was allotted to said David, charged with fifteen dollars to be paid to the share of Basil Cole, and the same amount to be paid to Jesse Cole.   In 1856 Basil Cole, having acquired a title to the share of Jesse Cole according to the judge's statement, obtained a *judgment against David Cole* upon the judgment for partition of 1854 for the said two sums charged upon the land for equality of partition, and thereafter David Cole died without issue but leaving the same persons his heirs-at-law who had shared in the partition of Robert Cole's lands, and among them the share allotted to David from Robert Cole's estate was divided by regular proceedings for that purpose.   In the partition of the lands of David Cole charged as aforesaid, Kissy Cole, a sister, afterwards the wife of J. G. Halso, acquired one-sixth of the tract and died leaving the infant plaintiff her only heir-at-law.   In 1867 after the death of Kissy Cole and when her title had descended to the plaintiff, then and now an infant without guardian, Basil Cole sued out an execution on his said judgment without any notice to the plaintiff, and had the lands described in the complaint sold, when the defendant, Joshua Cole, became the purchaser, and took the sheriff's deed and entered into the possession.

Upon these facts His Honor held that no title passed to the defendant under the sale and sheriff's deed, and we concur in that opinion. The two sums charged on the share assigned to David Cole on the partition of Robert Cole's lands, were a lien thereon, and were capable of collection by a *venditioni exponas* on the decree entered in the suit in which the partition was made, and as often held in this court, the land was the debtor, and not David Cole personally. *Young* v. *Trustees of Davidson College*, Phil. Eq., 261; *Wynne* v. *Tunstall*, 1 Dev. Eq., 23. The decree in this suit, nothing having been shown to the contrary (and we are to assume every thing done therein which ought to have been done) adjudged a confirmation of the report of the commissioners, and declared and established a lien on the share of David Cole for the sums assessed for equality, and thereby Basil Cole, for the sum due his share as well as for the like sum acquired by him from Jesse Cole, had the right to enforce payment either by *venditioni exponas* as authorized by our statute, or by attachment for not complying with the decree or any other step as in equity. So it is seen that Basil Cole already had a decree for the sum charged on David Cole's lot of land, and he needed to have; and indeed it was inadmissible for him to have any separate personal judgment against David Cole, yet the case, as made out by His Honor, shows that in 1856, shortly after the confirmation of the partition, Basil Cole obtained a *judgment against David Cole upon the judgment for partition of* 1854 *for the sums charged for equality*, and on this judgment was sued the execution under which the defendant purchased.

Upon this personal judgment against David Cole, Basil Cole issued no execution before the death of David which occurred prior to 1864, nor afterwards, until January, 1876, and then it was done and levied on the piece of land claimed by the plaintiff without notice to her or revival of the judgment against David Cole's personal representative.

The execution issued, we are to assume, was issued on *this judgment* according to the import of the language used in the case of appeal, and if so it was not merely voidable for irregularity, but void, and clothed the sheriff with no power by his sale thereunder to divest the title of the plaintiff. If the execution had been sued in the life-time of David Cole, or after his death, but with a teste antedating his death, the sale might have been made under its mandate, and the title would have passed, as the law in such cases, regarding an execution as entire, considers the same as begun at the teste; and therefore it may be proceeded on after the death. But if it is sued out, tested after the death of the judgment debtor and without revival, there is no basis to support it, and it invests the sheriff with no power to levy and sell the lands of the debtor, which, by this time, have descended to his heirs. *Aycock* v. *Harrison*, 65 N. C., 8 ; 2 Tidd Pr., 1,000 ; *McCarson* v. *Richardson*, 1 Dev. & Bat., 561 ; 2 Raymond, 808 ; *Bragner* v. *Langmead*, 7 Term Rep., 20.

Even if the execution, under which the sale was had, was a *venditioni exponas*, issued on the decree in the suit for partition among the heirs of Robert Cole, still we think the issue of it without notice or *sci. fa.* to the plaintiff, one of the heirs of David Cole by representation, was void; she was entitled to a day in court to show the payment of the sum charged, by David Cole in his lifetime or by his administrator, or to defend herself against the placing of the burden of the sums charged on her fragment of the lands of David Cole, when the execution creditor and the pur·chaser and others in respect to their shares in the lands of David Cole ought to contribute with plaintiff, each one·sixth towards the assessed sum for equality. *Samuel* v. *Zachery*, 4 Ired., 377.

It is our opinion therefore that no title passed to the defendant by the sale of the sheriff and his deed, and His Honor's ruling to this effect was in law correct.

No error.                                   Affirmed.