JAMES W. GRANT, Adm'r, and others v. W. H. HUGHES, 'Ex'r, and others.

*Widow— Year's Support—Liability to sale under Execution— Personal Property Exemptions.*

1. Personal property allotted to a widow as her year's support is subject to seizure and sale under an execution issued upon a judgment recovered against her deceased husband in his life time, tested before his death but issued thereafter.

2. Only the articles enumerated in Rev. Code, ch. 45, § 7, are exempt from sale under an execution issued upon a judgment for a debt contracted prior to January, 1865, the debtor not having secured the benefit of the exemptions under the provisions of sections 8 and 9.

(*Jones* v. *Judkins*, 4 Dev. & Bat., 454; *Williamson* v. *James*, 10 Ired., 162; *Mc Carson* v. *Richardson*, 1 Dev. & Bat., 561; *Aycock* v. *Harrison*, 65 N. C., 8; *Alston* v. *Foster*, 1 Dev. Eq., 337; *Hostler* v. *Smith*, 2 Hay., 305; *Bayner* v. *Robertson*, 3 Dev., 437, cited, distinguished and approved.)

CIVIL ACTION, tried at Fall Term, 1879, of NORTHAMPTON Superior Court, before *Avery, J.*

Case agreed : At fall term, 1869, of said court, the defendant Hughes, as executor of William M. Crocker, obtained judgment against Lewis B. Hill, the plaintiff's intestate, for about one thousand dollars. The debt on which the judgment was based was contracted prior to January, 1865. Executions were regularly issued thereon according to law, and the same kept alive. Hill died on the 12th of November, 1878, and the plaintiff, Grant, qualified as his administrator on the 2d of December following.

On the 30th of December, 1878, execution issued on the judgment tested as of fall term, 1878, (the court being held September 30, 1878), and went into the sheriff's hands on the said 30th of December, returnable to spring term, 1879.

On or about the 2d of December, 1878, the plaintiff administrator took possession of all the personal estate of his

intestate, Hill, and advertised to sell the same on the 30th of December following.

On the 11th of December, 1878, sundry articles of personal property were set apart to the widow of the intestate, of the value of $214.06, and a deficiency in money of $185 90, amounting in the aggregate to $400.

On the 30th of December, 1878, the sheriff (who is also a defendant in this case) under the instructions of the defendant executor and by virtue of the execution issued as aforesaid, levied on, seized and sold all the personal property belonging to the plaintiff's .intestate, and realized the sum of $483.25.

There were also other debts against the said intestate, Hill, and during his lifetime he did not have any of said property set apart to him under section 7, chapter 45, of the Revised Code, to exempt the same from execution.

If the court shall be of opinion that the seizure and sale by the sheriff were authorized by law, then judgment of nonsuit shall be entered against the plaintiffs; but if not, then judgment is to be entered for the plaintiff widow for the return of said property, or four hundred dollars in lieu thereof, with interest, &c. Thereupon the court gave judgment for plaintiffs and the defendants appealed.

*Messrs Thos. W. Mason* and *J. B. Batchelor*, for plaintiffs.
*Mr. R. B. Peebles*, for defendants.

SMITH, C. J.    It has been repeatedly adjudged that at common law a writ of *fieri facias* when issued bound the goods of the debtor, which were liable to seizure and sale, from its *teste*, and prevented him from selling or assigning them; while the lien attached to equitable interests only from the time of issue. *Jones* v. *Judkins*, 4 Dev. & Bat., 454; *Williamson* v. *James*, 10 Ired., 162. By statute the writ when issued

by a justice of the peace had such effect from the levy and not from the *teste.*   Rev. Code, ch. 45, § 20.

In the construction of this statute it was held that, as to the defendant himself and his representatives, the common law remained unaltered, and "that the goods and chattels are as to them still bound from the *teste* of the execution," and DANIEL, J., adds : " Although the defendant in the execution died before the levy, the officer might go on notwithstanding and levy on the goods in the hands of the executor or administrator and sell, and the purchaser acquired a good title."   *McCarson* v. *Richardson,* 1 Dev. & Bat., 561.

By the act of April 9th, 1868, amendatory of section 261 of the Code, a similar and more explicit restriction is put upon all writs of *fieri facias,* and it is enacted that " no execution against the property of the judgment debtor shall be a lien on the personal property of such debtor as against any *bona fide* purchaser from him for value or as against any other execution, except from its levy."   Acts 1868–'69, ch. 148.

In *Aycock* v. *Harrison,* 65 N. C., 8, on a motion to set aside an execution levied on land, READE, J., thus lays down the general doctrine : " When there is a judgment, and a *fieri facius,* or *venditioni exponas* issues during the life of the defendant, the sheriff may proceed to sell, although the defendant die before the sale.   And so he may when the *fieri facias or venditioni exponas issues after the death but is tested before.*"

In the case first cited the execution was in the hands of the officer during the life time of the debtor, but if it issues afterwards and its *teste* overreaches his death, it has the same effect and conveys equal authority to the officer, as a few references will show.

In *Vaughan* v. *Langmead,* 1 Bos. & Peel, 571, the facts were these : The judgment was entered May 23, and the debtor died May 29.   The execution, bearing teste before the death, was issued two days thereafter and levied on the goods of

the decedent.   A motion to set aside the *fieri facias* was denied, and the court said that with respect to the creditors, though the property in the hands of the deceased was not bound till the delivery of the writ to the sheriff, yet the right of the creditor to pursue that property till the delivery of the writ would not make this execution irregular.

In *Dokin* v. *Cartright*, in note at foot of page 572, same volume, it is declared that though a judgment in respect of purchasers binds only from the signing, yet as to the *party and his representatives*, it binds as it did before at common law."   " Goods in the hands of an executor may be taken on a *fi. fa.* against his testator, bearing *teste* before his death." *Watson, Sh'ff*, 7 Law Lib., 175.

In *Graham* v. *Wilson*, 5 Harr., (Del.) 435, the judgment was rendered March 11, 1854, as of November Term, 1853; the intestate died March 11, 1854; and execution issued March 23, tested December 14 preceding, and was levied upon property which the administrator had taken into possession and advertised for sale.   The court say : " By the common law the judgment had relation to the term and the execution to its *teste*, and it bound the goods of the defendant who died after the *teste* and before the next term, in the hands of the *executor or anybody else.*"

The two cases cited and mainly relied on in the argument of *Mr. Mason* (*Alston* v. *Foster*, 1 Dev. Eq., 337, and *Simpson* v. *Brice*, 5 Mum., (Va.) 175,) do not sustain his proposition that the attaching lien does not follow the debtor's property into the hands of his widow when assigned for her year's support.   In both cases the judgments were not against the debtor but against his personal representative, and executions issued in the usual form against the goods and chattels that were of the deceased in the hands of his executor, and it is held that the officer could not seize and sell the property which had been delivered over to a legatee or person entitled, for the reason assigned by HENDERSON, C. J.,

" the negroes not being the estate of Hill *in the hands of his executor."* See also *Hostler* v. *Smith,* 2 Hay., 305, and *Bayner* v. *Robertson,* 3 Dev., 437, to same effect.

The present case is clearly distinguishable, since here the execution issues on a personal judgment against the deceased debtor's own property, and by relation binds it from a time antecedent to his death. The widow takes the articles allotted to her as a claimant preferred by law to all creditors, but subject to the liens resting upon them as they came into possession of the administrator of her husband.

It is insisted further that the goods being less in value than five hundred dollars were exempt from execution and did not become liable until the death of Hill and then the superior right of the widow attaches and prevails.

It is true no goods of the debtor are bound by an execution under which they could not be taken, by reason of a legal exemption, and it would be an interesting inquiry, if both the claims to the year's support and to have satisfaction of the creditor's execution from the debtor's property sprang into existence at the same moment, which, if either, should have priority. But the question does not arise. The articles were not exempt. The debt was created in 1865, when only the few articles enumerated in Rev. Code, ch. 45, §§ 7 and 8, were protected, and except the few articles mentioned in section 7, none of which so far as the case discloses were among those assigned to the widow, the benefit of the exemptions contained in section 8 could be secured only by application to a justice and in the mode pointed out in section 9. The intestate in his life-time could have had these exemptions allowed him and the property placed beyond the reach of execution. But he failed to do so, and hence the property subject to sale for the plaintiff's debt during the debtor's life, continued liable after his death.

It must therefore be declared there is error in the judgment and the same is reversed, and judgment as of nonsuit

will be entered here according to the terms of the case agreed, and it is so ordered.

Error.                    Reversed and judgment here.