ADAM SAWYERS v. TABITHA SAWYERS.

*Judgment Liens—Execution.*

1. Under the Code system, an execution which is issued after the death of the judgment debtor, although it bears *teste* before his death, confers no authority on the sheriff to sell, and a sale thereunder is void; but before the Code of Civil Procedure was adopted, a sale under such an execution would have been valid.

2. Liens on real property are now governed by the docketing of the judgment, and not by the issuing of process to enforce it.

3. When an execution is issued on an undocketed judgment, or one which has lost its lien on real estate by the lapse of time, it is a lien on both real and personal property from its levy.

4. Where a judgment debtor dies, the creditor, cannot enforce the judgment by execution, but must collect his debt in the regular course of the administration of the estate.

5. The provision in the Code of Civil Procedure, furnishing a remedy for enforcing the lien in case the administrator unreasonably delays settling the estate, has not been brought forward in The Code.

(*Aycock* v. *Harrison*, 65 N. C., 8; *Grant* v. *Hughes*, 82 N. C., 216; *Spicer* v. *Gambill*, decided at this term; *Murchison* v. *Williams*, 71 N. C., 135; *Lee* v. *Eure*, 82 N. C., 428; *Mauney* v. *Holmes*, 87 N. C., 428, cited and approved).

This was a CIVIL ACTION for the recovery of land, tried before *Graves, Judge*, at August Term, 1885, of the Superior Court of SURRY county.

The plaintiff, claiming to be the owner, brings this action to recover possession of the tract of land described in his complaint, and as he alleges, wrongfully withheld by the defendant. The defendant made answer thereto, which she afterwards withdrew and was permitted to enter her demurrer.

21

The material facts set forth in the plaintiff's complaint upon which the case was heard were : that on the 1st day of March, 1877, in a justice's court of Surry county, a judgment was rendered in favor of Adam Sawyers against Solomon Sawyers for $90.15 and $2.75 cost, which was docketed in the office of the clerk of the Superior Court of said county on the 4th day of February, 1878. An execution from said court issued on the same on the 15th day of June, 1880, which was returned "not satisfied." After Fall Term of the Superior Court of said county (which was held October 25th, 1880), and before Spring Term, 1881, of said court, to-wit : on the 16th day of Nov., 1880, the said Solomon Sawyers, the judgment debtor, died. After the death of the said judgment debtor, on the said 16th day of November, 1880, and before Spring Term, 1881, of the Superior Court of said county, to-wit : on the 1st day of March, 1881, a writ of execution again issued out of the Superior Court of said county in favor of the said Adam Sawyers and against the said Solomon Sawyers on said judgment, tested of Fall Term, 1880, and returnable to Spring Term, 1881, of said court. By virtue and authority of said last named execution, the sheriff of said county levied on and sold the land claimed and described in the plaintiff's complaint, as the land of the said Solomon Sawyers, and the plaintiff became the purchaser of said land, and took the sheriff's deed for the same, under which the plaintiff claims. That the defendant, Tabitha Sawyers, is the widow of the said Solomon Sawyers, and there were no minor heirs. The defendant was in the wrongful possession of the land described in the complaint, and asked for the possession of the same, subject to the widow's dower, which was to be allotted to her in case the plaintiff recovered.

The defendant demurred *ore tenus* to the plaintiff's complaint, upon the ground that the facts set forth in the complaint do not constitute a cause of action; that the execution under which the plaintiff claimed, issuing after the death of the judgment debtor and tested before his death, on a justice's judgment, docketed

in the Superior Court was void, and the plaintiff had no title under such deed of the sheriff, and ought not to recover the land described in the complaint. Upon the hearing of the case his Honor held that an execution issuing after the death of the judgment debtor, but tested before, on a justice's judgment docketed in the Superior Court, was void, and that the sheriff's deed under such execution gave the plaintiff no title, and therefore sustained the demurrer and gave judgment for the defendant, from which decision and judgment the plaintiff appealed to the Supreme Court.

*Messrs. Coke & Williamson* and *Watson & Buxton* and *John Y. Phillips,* for plaintiff.

No counsel for defendant.

SMITH, C. J., (after stating the facts). The only question brought up by the appeal and requiring a response from this Court is, whether an execution issuing upon a judgment rendered by a justice of the peace, and docketed in the Superior Court, after the death of the debtor, but whose teste antedates the death, can confer upon the sheriff legal authority to sell and convey his real estate under the statutory lien.

The affirmative has been held in cases that have occurred under our former system, and the rule is enunciated by READE, J., in *Aycock* v. *Harrison,* 65 N. C., 8, wherein the death took place, and most of the facts transpired, before the *Code of Civil Procedure* went into operation, and in reference thereto he uses this language: "Where there is a judgment, and a *fi. fa.,* or *ven. ex.* issues during the life of the defendant, the sheriff may proceed to sell, although the defendant died before the sale. And so he may when the *fi. fa.* or *ven. ex.* issues after the death, but is tested before."

And so in *Grant* v. *Hughes,* 82 N. C., 216, we upheld the validity of a sale under such process against the widow's claim for an allowance out of her husband's personal estate for her year's

support. This ruling rests upon a recognition of the retroactive operation of the writ, as declared in adjudged cases, on the act of 1869 amending §261 of C. C. P., by annexing to paragraph 1 these words: "But no execution against the property of a judgment debtor shall be a lien on the personal property of such debtor, as against any *bona fide purchaser from him for value,* or as against any other *execution except from the levy thereof;*" thus by implication leaving undisturbed the relation to the *teste* as between the parties, when the rights of those mentioned are not invaded. The Code, §448, par. 1.

But liens on real estate are now referable to the time of docketing the judgment, and adhere to such as the debtor then held, and such as he has since acquired during the statutory limitation, a much more substantial security, with a more efficacious remedy to enforce it, than was given by the common law. The reason for the adoption of the rule of relation was, to take from the judgment debtor the ability to transfer his property to others, and thus deprive the creditor of the fruits of his recovery when in the diligent use of the means provided by law for securing them in satisfaction of his adjudged demand.

This reason no longer exists, for the judgment itself, when docketed, affixes a lien upon the debtor's land, and it is not now necessary for him in order to its preservation, as it was before, to press unremittingly the process by which payment was to be enforced.

This superseding legislation must, therefore, to no inconsiderable extent, dispense with many rules before in force, and especially that of relation of the execution to its *teste,* as unnecessary and inapplicable to the new procedure and practice. We have, therefore, at the present term, in *Spicer* v. *Gambill,* indicated an opinion that when final process is sued out and acted on after the judgment lien has been lost by efflux of time, or on a judgment rendered and not docketed, it affixes a lien as against purchasers and other attaching liens, alike upon real and personal property, only from the levy—upon the latter by virtue of the statute, upon the former to secure uniformity in the rule.

In *Murchison* v. *Williams,* 71 N. C., 135, READE, J., clearly intimates, if he does not distinctly say, that the creditor is not allowed to enforce his lien on the judgment debtor's land, by suing out and selling under execution after his death, and that it devolves on the personal representative to provide for this as for other debts of the deceased.

" The result is," are his words, " that when a debtor dies, against whom there is a judgment docketed, his land descends to his heirs or vests in his devisee, and his personal property vests in his administrator or executor, just as if there were no judgment against him, and the *whole estate is to be administered just as if there were no judgment*—that is to say, the personal property must be sold if necessary, and all the personal assets collected, and out of these personal assets *all* the debts must be paid, if there be enough to pay all, as well docketed judgments as others. If there is not enough to pay all, then they are to be paid in classes, docketed judgments being the fifth class, to the extent of their lien, which is the value of. the land," referring to Bat. Rev., ch. 45, sec. 40, class 5.

This seems to have been recognized as settling the law, and the extract which we have recited is quoted in *Lee* v. *Eure,* 82 N. C., 428, with this subjoined remark : " The reason for this mode of administration is, that although a lien on land exists, the judgment should be paid out of the personal estate, if, any, in exoneration of the land for the benefit of the heir or devisee."

Again the case of *Murchison* v. *Williams* is referred to, with approval of its ruling, in *Mauney* v. *Holmes,* 87 N. C., 428, and this further portion of the opinion quoted : " The administration of the *whole estate is placed in the hands of the executor or administrator,* as best it should be, instead of allowing a creditor to break in upon it with an execution and sale for cash, at a possible sacrifice, when it may turn out that the personal assets would be sufficient without a sale of the land at all."

Móreover, the Code of Civil Procedure in the chapter consist-ing of §§318 to 324 inclusive, which furnishes a remedy for en-forcing the lien, in case of unreasonable delay by the personal representative, is applicable to the present case, while they seem not to have been brought forward in The Code.

Section 319, expressly confers upon the judgment creditor the right, after three years from the issue of letters testamentary or administration, " in case of the death of the judgment debtor, *after judgment*," to proceed and enforce his lien, plainly indica-ting the absence of such right after the debtor's death, until the expiration of the period allowed the representative to pay the debt and relieve the land.

Such are the rulings in the State of New York, from which our new system is borrowed. In *Wood* v. *Moorhouse*, 45 N. Y., 368 (Court of Appeals), process had issued during the debtor's lifetime, and the sheriff proceeded to make sale after his death. This action was sustained as legal and warranted. ALLEN, J., in delivering the opinion and expressing the views of the Court uses this language: "The sheriff could lawfully complete the exe-cution of the process *thus commenced.* At common law an exe-cution against the goods of a judgment debtor was regular, if tested in the lifetime of the debtor, although actually issued after his death. *But an execution cannot be issued after the death of the defendant* which will authorize the sale of the real estate which may be bound by the judgment." The same Judge, in a subsequent case, *Wallace* v. *Swinton*, 64 N. Y., 188, re-affirms the proposition, and referring to §376 of the New York Code, which is §319 of ours, to which we have adverted, says, "The statute prescribing the procedure for the issuing of an execution against real property affected by the judgment, after the death of the judgment debtor, *necessarily by implication excludes every other process and proceeding to accomplish the same purpose*, within the maxim *expressio unius est exclusio alterius.*" Without pursuing the subject further, we are of opinion, and so declare, that the execution issuing after the death of the judgment debtor

was not warranted by law, and no title passed under the sheriff's deed to the plaintiff. There is no error in the ruling of the Court in sustaining the demurrer and rendering judgment for the defendant.

No error. Affirmed.