PETER S. WILLIAMS v. R. T. WEAVER and wife.

*Docketed Judgments—Execution—Teste—Lien—Constitutional Law—Changes of the Remedy.*

1. An execution should bear *teste* as of the term next before the day on which it was issued, and not of the day on which it is issued ; but such irregularity does not render the execution void, or vitiate a sale under it.

2. It is the docketing of the judgment, and not the issuing of the execution, which creates the lien under the present system.

3. An execution issued after the death of the judgment debtor is void, and no title passes to a purchaser at a sale under such an execution ; and this is so, although the judgment was obtained on causes of action accruing prior to the adoption of the Code of Civil Procedure.

4. An act which changes the remedy of the creditor is not unconstitutional, if it gives him another equally efficacious.

(*Bryan* v. *Hubbs*, 69 N. C., 423 ; *Sawyers* v. *Sawyers*, 93 N. C., 321, cited and approved).

CIVIL ACTION to recover land, tried before *Avery, Judge,* and a jury, at Fall Term, 1883, of HERTFORD Superior Court.

Both the plaintiff and the defendants claim to derive title to the land, the subject of this action, from Godwin C. Moore, who died on the 25th day of May, 1880.

Before and at the time of his death, there were two docketed judgments, for considerable sums of money, in favor of differ-

ent persons, against him in the Superior Court of the county of Hertford.

After his death, on the 27th day of July, 1880, executions, bearing *teste* as of that day, were issued upon these judgments, directed and delivered to the sheriff of the county last named, who by virtue of them, sold the land in question, situated in that county, as the property of the said Moore, on the 6th day of September, of the same year, the plaintiff being the purchaser, and taking the sheriff's deed for the same.

On the trial, the plaintiff produced the judgments, the executions mentioned, the returns of the sheriff thereof and thereupon, and the sheriff's deed mentioned, and relied solely upon the same as evidence of title to the land in him.

The Court held that the executions were void, and that the deed of the sheriff was inoperative, and passed no title to the plaintiff, and gave judgment for the defendants. The plaintiff having excepted, appealed to this Court.

*Messrs. Winborne* and *W. H. Day,* for the plaintiff.
*Messrs. W. D. Pruden, R. B. Peebles* and *W. C. Bowen,* for the defendants.

Merrimon, J. (after stating the facts). The executions under which the sheriff undertook to sell the land in controversy, were irregular, in that they were not "*tested*" as of the term of the court next before the day on which they were issued, as required by The Code, §449, but this irregularity did not render them void. Such *teste* serves no essential purpose. It does not now, as under the former method of procedure in this State, determine the time when the lien of the execution began. Now, the execution does not operate as a lien. It is the docketed judgment that creates the lien from the time it was docketed. The statute, nevertheless, ought to be observed, as indeed, all statutes ought to be, but it is merely directory, and an execution not bearing *teste* as required by it, is not on that account void,

and this Court has so expressly held. *Bryan* v. *Hubbs*, 69 N. C., 423.

If however, the executions in question in this case had been regular in all other respects, they were irregular, inoperative and void, because they were issued after the death of the judgment debtor, and therefore could not authorize the sale and the sheriff's deed to the plaintiff. So that he got no title by virtue of them. This is settled by the recent case of *Sawyers* v. *Sawyers*, 93 N. C., 321, in which the Chief Justice stated clearly and fully, the law in respect to executions in this State, issued after the death of the judgment debtor. Nothing need now be added to what he said. This case is in all material respects like that, and must be governed by it.

The counsel for the appellant suggested on the argument, that the judgments upon which the executions issued, were founded upon contracts " made prior to the ratification of the Code of Civil Procedure," and therefore the present statutory regulations in respect to executions do not apply in this case. Granting what he says as to the contracts upon which the judgments are founded to be true, nevertheless, his contention is groundless, because C. C. P., §8, provides expressly that actions founded upon such contracts, shall " be governed in respect to the practice and procedure therein, up to and including judgment, by the laws existing prior to the ratification of this act (C. C. P.), as near as may be, *and the practice in such actions subsequent to judgment shall be governed by the enactment of this act.*" So that, after judgment in such cases, the provisions of the Code of Civil Procedure do apply, as in other cases.

The counsel further contended, that the Code of Civil Procedure changed the remedy of the creditor by execution as to debts contracted prior to its adoption, and it is therefore void in such respect. The remedy of the creditor may be changed, if another substantially as good shall be substituted for that abolished. Without going into details we think it sufficient to say, that it is manifest that the remedy of such creditors is not substantially impaired

as contended; indeed, on the contrary, it is rather strengthened and facilitated by the statutory provisions complained of. The Court properly held that the sheriff's deed did not pass any title to the land to the plaintiff, and the judgment must therefore be affirmed.

No error.                                        Affirmed.