J. B. HOLMAN, Trustee, v. J. S. MILLER.

*Judgment, Docketing and Lien of—The Code, §§ 433–83.*

1. A judgment is not a lien upon land, in the absence of the actual levy of an execution, until it is docketed in the county where the land is situate, in the manner prescribed by § 433 of *The Code,* and upon the docket required to be kept by § 83 of *The Code.*

2. It is the duty of a judgment creditor to see that his judgment is properly docketed. If the Clerk neglects to docket the judgment, subsequent incumbrances and claimants under the judgment debtor are not to be prejudiced thereby, and the remedy of the judgment creditor is against the Clerk for loss suffered by reason of the failure to docket the judgment.

This was a CIVIL ACTION, tried, upon complaint, answer and demurrer to the answer, before *Philips, J.*, at the February Term, 1889, of IREDELL Superior Court.

The facts are, that the plaintiff, as trustee, under a deed in trust, executed by Charles L. Summers and registered in Iredell County on the 4th of November, 1886, sold, for cash, certain lands, and that the defendant became the purchaser in the sum of six hundred and ten dollars. The plaintiff tendered a deed and demanded the purchase money, and, upon defendant's refusal to pay, brought this action to enforce the payment thereof. The defendant contends that the plaintiff cannot make a good title because of the existence of a prior lien upon the land by virtue of a judgment rendered at August Term, 1886, of the Superior Court of said county of Iredell. At the said term a judgment was rendered against the said Summers and others for six thousand dollars, which greatly exceeds the actual value of the land. The said judgment was not docketed until the 21st of May, 1888. It does not appear that there was ever any execution or levy. His Honor held that the plaintiff was entitled to recover, and the defendant appealed.

*Mr. D. M. Furches*, for the plaintiff.
*Messrs. Chas. Armfield* and *W. D. Turner*, for the defendant.

SHEPHERD, J. (after stating the case). The question presented for our consideration is, whether an undocketed judgment prevails over a registered deed in trust to secure creditors. Under the law as it existed prior to the adoption of the Code of Civil Procedure, there was no provision for the docketing of judgments, and a lien upon the property of the debtor was acquired only by issuing a writ of *fieri facias*, which bound the property of the debtor from its *teste*. Under the present system no lien is acquired upon land in the absence of an execution and levy, until the judgment has

been " docketed on the judgment docket." *The Code,* § 435 ;
*Sawyer* v. *Sawyer,* 93 N. C., 321; *Williams* v. *Weaver,* 94 N.
C., 134. *The Code,* § 433, provides that judgments " shall be
entered by the Clerk of said Superior Court, on the judg-
ment docket of said Court. The entry shall contain the
names of the parties and the relief granted, date of judg-
ment and date of docketing, and the Clerk shall keep a cross
index of the. whole, with the dates and numbers thereof.
All judgments rendered in any county by the Superior
Court thereof, during a term of the Court, and docketed
during the same term, or within ten days thereafter, shall
be held and deemed to have been rendered and docketed on
the first day of said term." *The Code,* § 83, requires a sepa-
rate and distinct docket for this purpose. So it is very clear,
that unless the judgment is docketed upon this particular
docket, there can be no lien by virtue of the judgment alone.
The docketing is required, in order that third persons may
have notice of the existence of the judgment lien. " The
dogget, or, as it is commonly called, the docket or docquet, is
an index to the judgment, invented by the courts for their
own ease and the security of purchasers, to avoid the trouble
and inconvenience of turning over the rolls at large. The
practice of docketing judgments seems to have obtained as
early as the reign of Henry the Eighth. * * * Purchas-
ers are not bound to examine for judgment liens further
than to look into the proper dockets." Freeman on Judg-
ments, § 343. The observance of this law is regarded as so
important to subsequent purchasers and mortgagees that,
whenever the system of docketing obtains, a very *strict* com-
pliance with its provisions in every respect is required. In
*Brandlery* v. *Plummer,* L. I. 26, vol. 326, the mere omission
to insert the " number roll of the entry" was held by the
Lord Justice to be fatal. In Ridgway & Co's. Appeal, 15
Penn., 177, the failure to record the *christian* names of the
defendants invalidated the docketing of the judgment as to

subsequent purchasers or judgment creditors.   In *Buchan* v. *Sumner*, 2 Barb., ch. 165, it was held, " that the docketing of a judgment against Palmer Sumner, under the letter P, the initial letter of his christian name, instead of the letter S, the initial letter of his surname, was not even a compliance with the requirements of the statute."   In *London* v. *Ferguson*, 3 Russ. Chan. Rep., 349, the judgments had been carried into the proper office to be docketed, but, from mistake of the officer, the dockets were not completed.   Lord Gifford " decided that the holders of the judgments were not, even in equity, entitled to a priority."   In our case no attempt whatever appears to have been made to have the judgment docketed, and although it was the duty of the Clerk to have done so, his omission is no excuse for the judgment creditor, as the authorities all clearly establish that it was his duty " to see that his judgment is rightly entered on the judgment docket.   *   *   *   The remedy of the party aggrieved is against the prothonotary (or Clerk).   *   *   *   The purchaser is not bound to look beyond the judgment docket." Ridgway & Co's. Appeal, *supra;* Freeman on Judgments, *supra.*

Holding, as we do, that the judgment is not a lien upon the property, as against this defendant, it is unnecessary for us to consider whether such a defence, had it been valid, could have been asserted by a purchaser at a sale like this, especially where the record is silent .as to what was proclaimed as terms and conditions of the sale by the trustee.

We are of the opinion that the plaintiff is entitled to recover.

No error.                                          Affirmed.