## J. N. BENNERS et al. v. WILLIAM RHINEHART.

*Judgment Debtor— Creditor—Execution Sale—Purchaser.*

1. The purchaser at a sale made after the death of a judgment debtor under an execution issued before his death acquires a good title.

2. The fact that the purchaser is also the execution creditor does not render the sale void, and, if voidable, it must be set aside by a direct proceeding for that purpose, or upon answer setting forth facts sufficient to evoke the equitable interposition of the Court.

This was a CIVIL ACTION, tried at Fall Term, 1890, of HAYWOOD Superior Court, before *Philips, J.,* brought for the possession of an interest in a lot of land.

The plaintiffs obtained and docketed a judgment in 1878 against one Love, his homestead having been laid off in 1875, and the lot in question being a part of the excess above it. In 1886 he conveyed by deed his interest therein to the defendant.

107—45

Execution was issued on the 6th of June, 1887, the judgment having been kept alive by previous executions, and the execution debtor died on the 7th of June, 1887. The Court adjudged the sale to be void. The plaintiffs took a nonsuit, and appealed.

*Messrs. G. S. Ferguson* ( by brief), and *W. B. Ferguson* (by brief), for plaintiffs.

No counsel *contra.*

SHEPHERD, J.: The execution under which the defendant purchased was issued before the death of the judgment debtor. The sale was made before the return day of the writ and after the death of the said debtor.

Did the purchaser acquire a valid title? We were not favored with an argument in support of the ruling of his Honor, nor have we been able to find anything in our statute law which conflicts with the decisions of this Court and other authorities sustaining the title of a purchaser under such circumstances.

In *Aycock* v. *Harrison*, 65 N. C., 8, READE, J., speaking for the Court, says: " Where there is a judgment, and a *fi. fa.* or *ven. ex.* issues during the life of the defendant, the Sheriff may proceed to sell, although the defendant die before the sale, and so he may when the *fi. fa.* or *ven. ex.* issue after his death, but is tested before. The reason is, that when the process issues or is tested before the defendant's death, the ministerial officer can take no notice of his death, but must obey the process, which, being tested before the death, binds the land." In *Halso* v. *Cole*, 82 N. C., 161, DILLARD, J., says: " If the execution had been sued in the life-time of David Cole, or after his death, but with a test antedating his death, the sale might have been made under its mandate and the title would have passed." To the same effect is *Grant* v. *Hughes*, 82 N. C., 216, and cases there cited.

These adjudications find abundant support in Tidd's Prac., 1034; Freeman on Executions, 37, and the very numerous cases cited by the latter author.

It is true that the purchaser in this case is the execution creditor, but conceding that he is within the principle which affects such a purchaser with notice of all irregularities in the execution, the sale would nevertheless be voidable only, and not having been set aside by any direct proceeding, and the pleadings containing no matter which calls for the equitable interposition of the Court (there being only a general denial), we think the purchaser acquired the legal title.

Error.