THE G A. GAMBRILL MANUFACTURING COMPANY v. T. P. WILCOX.

*Execution—Sale—Lien—Priority.*

1. A sale of land under an execution on a junior judgment passes the title to the purchaser encumbered with the lien of prior docketed judgments ; but where the sale is made upon execution on the senior judgment the title passes to the purchaser unencumbered; and the lien of any junior docketed judgments is transferred to the fund arising from the sale; and it is the duty of the officer making the sale to apply it to the satisfaction of the several judgments in the order of their priority, whether he has executions in his hands or not.

CIVIL ACTION, tried at Spring Term, 1892, of PASQUOTANK Superior Court, *Shuford, J.,* presiding.

The following are the facts:

On the 6th day of March, 1891, George & Co. recovered judgments against R. D. Williams, and on the same day docketed them in the Superior Court of Pasquotank County.

Upon these judgments executions issued to the defendant Wilcox, Sheriff of Pasquotank County, on the 23d of May, 1891, who sold the land of Williams on the 6th of July, 1891,

for a sufficient sum to pay these executions in full, and in excess thereof the sum of $50.77.

The 15th day of March, 1891, the plaintiffs obtained judgment against said Williams, and docketed the same in the said Superior Court on the same day. No execution was issued upon this judgment until after the sale mentioned above, but on the day of sale the plaintiff's attorney notified defendant of the existence of the Gambrill Manufacturing Company judgment, and demanded that he pay the $50.77 upon it.

On the 9th of June, 1891, Obendorfer & Co. obtained judgment against said Williams, and docketed the same in said Superior Court and issued execution thereon on the 6th of July, 1891, which execution was in the hands of the defendant at the time he made the said sale, and he paid the said sum of $50.77 to the attorney of Obendorfer & Co. upon the execution in his hands on the day of sale.

The plaintiff claimed that the judgment of the plaintiff against Williams was a lien upon the said sum of $50.77 in the hands of said Sheriff, and the defendant wrongfully paid the same upon the execution of Obendorfer & Co., and it was agreed that if the Court should be of opinion from these facts that the judgment of this plaintiff was entitled to receive the said sum of $50.77, and that the defendant wrongfully paid the same upon the Obendorfer & Co. execution, that the Court should give judgment against the defendant for the sum of $50.77.

The Court rendered judgment for the plaintiff. The defendant excepted and appealed.

No counsel for plaintiff.
*Mr. E. F. Aydlett,* for defendant.

CLARK, J.: In *Cannon* v. *Parker*, 81 N. C., 320, it is decided that the effect of a sale under a junior judgment is to pass

the debtor's estate encumbered with the lien of an older docketed judgment, and of a sale under both to vest the title in the purchaser and transfer the liens, in the same order of priority, to the proceeds of sale. That case is decisive of this. It was not necessary that execution should have been issued on the plaintiff's judgment, which was the next in priority of docketing. It is the docketing of a judgment, and not the issuing or levy of an execution, which creates the lien under the present system. *Sawyers* v. *Sawyers*, 93 N. C., 321; *Williams* v. *Weaver*, 94 N. C., 134; *Holman* v. *Miller*, 103 N. C., 118. In effect, the lien of a docketed judgment is in the nature of a statutory mortgage.

A rule was adopted by the Supreme Court, at June Term, 1869 (63 N. C, 669), that if a junior judgment creditor gave to a creditor whose judgment was first docketed twenty days notice, and the latter thereupon failed to take out execution and have it in the Sheriff's hands the day of sale, he should lose his priority. This was held unconstitutional, because an interference with the vested rights of the older judgment creditor, in *Burton* v. *Spiers*, 92 N. C., 503, and the rule has been revoked.

In like manner, when the judgment debtor dies, and the personal representative finds it necessary to sell to make assets to pay debts, the lien of the judgments is transferred in the same order of priority to the proceeds of the sale. *Murchison* v. *Williams*, 71 N. C., 135; *Mauney* v. *Holmes*, 87 N. C., 428; *Sawyers* v. *Sawyers, supra.* Formerly, it was the duty of the Sheriff to apply the proceeds of the sale to the executions in his hands according to their priority. Now it is his duty to apply the proceeds to the execution in his hands which was issued on the oldest docketed judgment (for the lien of any judgment docketed prior to that is not affected by the sale), and the proceeds should next be applied in satisfaction of the next oldest judgment lien, whether execution has issued thereon or not. *Motz* v. *Stowe*, 83 N. C.,

434, (438). The Sheriff has failed, in the present case, to apply the proceeds of the sale according to the priority of lien of the docketed judgments, and is liable for such misapplication.

In the judgment of the Court below we find

PER CURIAM.                                    No Error.