Upon the complaint and answer it appears that both sides claim under the "North Carolina Estate Company, Limited." The eighth prayer for instruction by the defendants is that, ordinarily, when it is shown that both parties hold through a title from a common source it is not necessary to go beyond the common title, unless a superior title be shown by one of the parties with which he connects himself by a chain of title, but in this case the title of the defendants derived from the common source having been adjudged void (upon the former appeal in this case), the defendants are not estopped from showing a better outstanding title in any person other than the common source of title. There is not a scintilla of evidence connecting the defendants with any outstanding title; and upon their pleadings they are estopped to deny the common source of title. The fact that their assertion of having that title in themselves has been adjudged invalid in this action, does not set them free now to assert a superior title in some one else with whom they do not connect themselves. But if it did, it would not avail the defendants, as the holders of the alleged outstanding title of a past interest, if such were shown, would be merely tenants in common with the plaintiff, who (590) can therefore recover as against these defendants. Moody v. Johnson, 112 N.C. 804; Gilchrist v. Middleton, 107 N.C. 663. Therefore it is unnecessary to consider any of the exceptions in this case as to matters prior to the common source of title. The title was shown to be out of the State.
The defendants except because "5,000 acres being excepted from the grant of 1,795 under which the plaintiffs claim, the burden is on the plaintiffs to show that the land sued for is not the excepted part." The law is well settled otherwise. "The locus in quo being within the boundary of plaintiffs' deed, and defendant claiming under exceptions in said deed, it is clear that it is incumbent on him to bring himself within the *Page 367 
exceptions by proof." Steel Co. v. Edwards, 110 N.C. 353; Gudger v.Hensley, 82 N.C. 481. Besides, the complaint is to recover "the lands remaining unsold and not excepted from the boundaries of the grant," and the answer says the defendants "are in possession of the land sued for and in controversy."
Payment of taxes is some evidence of title (Austin v. King, 97 N.C. 339;Ruffin v. Overby, 105 N.C. 78), but if it was offered to be shown here by competent proof, its exclusion was harmless error, for it having already been adjudged in this case (118 N.C. 700) that the defendants did not have the title of the "North Carolina Estate Company, Limited," which they set up in their answer, and not having connected themselves with any outstanding title nor shown possession for seven years under color of title, proof of payment of taxes for two or three years before action brought could have availed them nothing. Even evidence of adverse possession for a period less than the prescribed time is not a circumstance to go to the jury. King v. Wells, 94 N.C. 344;Melvin v. Waddell, 75 N.C. 361. (591)
The jury found, on competent evidence and proper instruction, that the conveyance to Hatterby and Clarkson, though absolute on its face, was a mere security for debt. It was therefore void as to the creditors of the North Carolina Estate Company, Limited, and to the plaintiffs who hold under a judgment and execution sale in favor of one of such creditors.Gregory v. Perkins, 15 N.C. 50; Gulley v. Macey, 84 N.C. 434. The unregistered deed of defeasance and bonds secured thereby, produced by the defendants in response to an order of the court (under The Code, secs. 578 and 1373), were competent to submit to the jury as evidence tending to show the nature of the transaction, without proof of their execution. Being in possession of the defendants, and the facts peculiarly within their knowledge, it devolved upon them to negative any inference arising from the existence of such papers. But this conveyance, even if it was an absolute deed, was not proved by the officers of the corporation, but by the individual acknowledgment of Matthew Robins and Walter Mullens, and the probate was fatally defective. Clark v. Hodge, 116 N.C. 761; Plemmons v.Improvement Co., 108 N.C. 614; Duke v. Markham, 105 N.C. 131; Bason v.Mining Co., 90 N.C. 417. Its registration was therefore a nullity.Quinnerly v. Quinnerly, 114 N.C. 145; Long v. Crews, 113 N.C. 256; Dukev. Markham, supra; Todd v. Outlaw, 79 N.C. 235; DeCourcy v. Barr,45 N.C. 181. The subsequent reprobate and registration in 1897, since the plaintiff's title accrued and since this action was brought, can have no effect. Laws 1885, ch. 147; Waters v. Crabtree, 105 N.C. 394.
This brings us to the point most earnestly debated in this case,i. e., whether the plaintiffs have acquired the title of the North (592) *Page 368 
Carolina Estate Company, Limited, under the execution sale. At January Term, 1890, of Catawba Superior Court, John Paalzow obtained judgment against the North Carolina Estate Company, Limited. On 8 March, 1890, a transcript of the judgment was sent to the Superior Court of Burke County and was entered on the docket there, on 10 March, 1890. An execution on this judgment, under seal of the court, which states on its face that it was issued from Catawba, on 8 March, 1890, was sent to the sheriff of Burke County who endorsed thereon its receipt by him, 31 May; after due advertisement the land in question, the property of the defendant in the execution, was sold on the 8th of July of the same year, at which sale the plaintiff in the execution bought, and received the sheriff's deed for the land, and in 1892 duly conveyed the same to the plaintiffs in this action. The defendants contend that said sale was void because on 8 March, 1890, when the execution purports to have been issued to the sheriff of Burke County, the transcript of the judgment had not then been docketed in the latter county. From the official entries it appears, therefore, that the execution and transcript of judgment were sent to Burke County on the same day, the latter being docketed on 10 March, and the former endorsed by the sheriff, "Received 31 May," and the advertisement and sale were long after the judgment had been docketed, but the defendants contend that the sale thereunder was void unless the judgment had already been docketed in Burke County when the execution issued, on the ground that this is a prerequisite under the words of The Code, sections 443 and 444, that execution "may be issued to any county where the judgment is (593) docketed," and because section 448 provides that the execution must state, inter alia, "the time of docketing in the county to which the execution is issued." The defendants' counsel contend that such docketing is a condition precedent, and that an execution issued before the condition is complied with, is absolutely void. The customary practice in this State has been that which seems to have been pursued in this case, i. e., to send to the other county at the same time the transcript of the judgment for docketing and the execution. It has not been usual to require a certificate of the docketing in another county before issuing execution to the sheriff thereof. If such practice rendered this execution absolutely void, a great many titles are worthless. Even if it is voidable, it would not avail the defendants, who could not attack such proceedings collaterally, unless they are void. Bernhardt v. Brown,118 N.C. 700. The very able brief of the defendants' counsel concedes that The Code, secs. 433-436, inclusive, require docketing "in order to secure a lien for that purpose alone." This is also apparent from chapter 439, Laws 1889. Alsop v. Moseley, 104 N.C. 60. But they insist it is otherwise as to sections 443, 444, and 448, above quoted. The last three *Page 369 
sections, however, on their face apply to executions issued to the county in which the judgment is rendered fully as much as to those issued to any other county, and it has been repeatedly held that a sale under an execution levied on realty carries a good title though the judgment was not docketed or the lien of the docketing has expired. Sawyers v. Sawyers,93 N.C. 321, at the bottom of page 324; Spicer v. Gambill,93 N.C. 378; Coates v. Wilkes, 94 N.C. 174, at page 181. In Lytlev. Lytle, 94 N.C. 683, the very point here presented is passed (594) upon. "The docketing of a judgment is not an essential condition of its efficacy nor a precedent requisite to an enforcement by final process. It is only necessary to create and prolong the lien thus acquired for the benefit of the creditor against subsequent liens, encumbrances, and conveyances of the same property." In that case execution issued to Buncombe County upon a judgment rendered in McDowell, without docketing the judgment in Buncombe at all. In Holman v. Miller,103 N.C. 118, it is said: "Under the present system no lien is acquired upon land in the absence of an execution and levy, until the judgment has been docketed."
Our conclusion upon the authorities is that docketing is only for the purpose of giving a lien, and is not a condition precedent to issuing an execution. If there is a docketed judgment in force at the sale of realty under execution the sale relates the title back to the date of such docketing. If no docketed judgment is in force under which the execution is issued, the title as against the defendant relates back to the levy but is subject to docketed judgments in favor of the plaintiffs in force at the date of the sale. Pipkin v. Adams, 114 N.C. 201; Code, sec. 435.
The requirement in section 448 that the date of the docketing should be stated in the execution is like the requirement to test the execution of the preceding term which is held directory. Bryan v. Hubbs, 69 N.C. 423;Williams v. Weaver, 94 N.C. 134.
The recital in an additional paragraph in the execution issued to Burke County of a levy on certain uncut walnut timber in Catawba County, and the order to the sheriff of Burke County to sell it, though the attachment on the timber had been vacated, was a pure clerical error, which did not invalidate the other part of the (595) execution, and of which certainly the defendants in this action, who were strangers to the execution, cannot complain.
Affirmed.
Cited: Redman v. Ray, 123 N.C. 507; Ridley v. R. R., 124 N.C. 39;Wyman v. Taylor, ibid., 430; Gates v. Max, 125 N.C. 144; Evans v.Alridge, 133 N.C. 380; R. R. v. Land Co., 137 N.C. 332; Martin v.Knight, 147 N.C. 581; Cox v. Boyden, 153 N.C. 525; Blow v. Harding,161 N.C. 376; Riley v. Carter, 165 N.C. 338. *Page 370