Gaston, J.
 

 It is the law of this State, that a purchaser at execution sale must shew, not only the execution' under which the Sheriff sold, but a judgment warranting that execution. The only reason assigned for this doctrine is, that it must appear that the execution was not the unauthorized act of the clerk, but was awarded by the Court. Although the judgment be erroneous ;■ nay, if it be obtained irregularly,and against the course of the Court; nevertheless, so long
 
 *406
 
 as it stands unreversed and in force, it is the act[of the Court, warrants the execution conforming thereto, and upholds the title of the purchaser. But, if what is offered as a judgment have merely the semblance thereof; as if it be rendered by a Court having no jurisdiction of the subject matter, or against a person who has not had notice to defend his right, or if it order what the Court has not power to order, so that upon its face the law can pronounce it null, it is not a judgment, and the execution issuing thereon will not protect the purchaser.
 

 The execution, under which the defendant in this case sets up title, was awarded by the Court, against thelands descended to the plaintiff’s lessor, after notice had been issued to him to shew cause against it. But it is insisted on the part of the plaintiff, that the Court was not competent in law to award the execution. The argument is, that the
 
 jurisdiction
 
 of the Court, in relation to the subject matter of that judgment, is restricted by certain provisions of the acts of 1828 and 1784, embodied into the Revised Statutes, eh. 46, s. 25, and ch. 63. By these, it is enacted, that when an action shall be commenced against an executor or administrator by warrant, and he shall suggest that he has a defence thereto, by reason of a deficiency of assets, the magistrate may proceed to pass upon the demand of the plaintiff, and to give a judgment therefor, but shall return the warrant with the judgment and the suggestion to the County Court, where the defence shall be made, and if on trial, the plea be found for the executor or administrator, then a
 
 scire facias
 
 shall issue to the heir at law, to shew cause why the judgment should not be satisfied out of the lands descended. In the case under consideration, the magistrate, notwithstanding such suggestion, awarded execution against the goods and chattels of the intestate ; the officer undertook to levy it on the lands descended; the judgment, execution and levy, were returned to the Court; and then a
 
 scire fads
 
 issued, untruly reciting, that there had been a plea of fully administered tried in Court, and found for the administrator. And it is asked, can the Court, in rendering a judgment upon the
 
 scire facias
 
 thus issued, be considered as acting within the limits of
 
 *407
 
 its authority ? The answer to this argument is, that all these irregularities antecedent to the
 
 scire facias,
 
 do not affect the jurisdiction of the Court. It possesses jurisdiction
 
 over the subject matter,
 
 and that jurisdiction is derived from the general legislative grant to try and determine causes of civil nature. If such causes be brought before it irregularly, and objection to the irregularity is shewn in due season; the Court will refuse to act, or may revoke any act into which it has been betrayed. But if, notwithstanding such irregularities, it does subsequently act, parties being before it, the act must be respected, because it is the act of a Court having authority to try and determine the subject in controversy.
 

 The case of
 
 Leary and wife
 
 v.
 
 Fletcher,
 
 decided at the last term,
 
 [ante, p.
 
 259,) is not an authority for the plaintiff. That was determined upon the ground that the County Court had passed an order, which by law
 
 it could not make.
 
 Having a special and limited authority to direct the sale of specific parts of an orphan’s estate to meet ascertained debts, the Court had undertaken to authorize the guardian to sell all or any part thereof
 
 he
 
 might elect, to meet undefined debts. The act done was one wholly without authority, and not an act erroneously or irregularly done within the scope of authority.
 

 It has been further argued, that inasmuch as in ordinary cases, where one judgment only, is rendered, that judgment must be shewn by him, who claims to be an execution purchaser, so in the cases where two judgments ought to be rendered before issuing execution, the purchaser should be required to shew both these judgments. We do not admit the correctness of this conclusion. The sole purpose of requiring the exhibition of any judgment is, to shew that the execution has the sanction of the Court. Now, if the Court render a judgment that the plaintiff recover his debt, or have execution, upon a former judgment, when in truth there is no such judgment, the adjudication is erroneous, but nevertheless, while it stands, it is the solemn act of the Court, hav
 
 *408
 

 \ng power so to
 
 adjudge,
 
 and therefore
 
 authorizes process
 
 to
 
 it. For most purposes, the
 
 scire facias
 
 is a new ac~ action, and judgment upon a
 
 scire facias
 
 is a sufficient warrant for any execution which conforms
 
 to
 
 it. Let the judgment be affirmed.
 

 Per Curiam, Judgment affirmed accordingly.