JOS. WHITE et als. v. W. S. BUTCHER et als.

*Equity Practice—Jurisdiction—Reference.*

1. Where a suit in equity was pending in the Supreme Court at the time of the adoption of the present system of procedure, the Superior Courts are the proper tribunals to proceed with the cause, and this Court can make no order in it, except to remand the papers.

2. Where in such case, a decree had been made in this Court settling the rights of the parties, and only the final accounts remained to be taken, the Superior Courts cannot allow amended pleadings to be filed, or the rights of the parties as settled by the decree to be varied, but must proceed with the cause in accordance with the decree.

3. Under the former equity practice, in a suit for specific performance, a reference was ordered before the final decree to ascertain the balance due on the purchase money, but not to afford affirmative relief to the defendant.

4. Under the present practice, a reference will not be ordered after a final decree.

(*Royster* v. *Chandler*, 6 Jones Eq., 291; *Hart* v. *Roper*, 6 Jones Eq., 349; *Pearson* v. *Carr*, at this Term; cited and approved).

This was a MOTION made by the plaintiffs, at the February Term, 1887, of the Supreme Court.

The nature and object of the motion appear in the opinion.

*Mr. A. E. Holton*, for the plaintiffs.

No counsel for the defendants.

SMITH, C. J. The bill to enforce the specific execution of a contract for the sale of land, was filed in the Court of Equity of Surry county, at Fall Term, 1857, and at Spring Term, 1861, set for hearing, and removed to the Supreme Court at June Term, and it was determined in favor of the complainant; and it was declared, that the defendant Holderfield, a purchaser with notice of the complainant's equity, must make title to him on payment of the residue of the purchase money, with interest, after deducting rents with which he is chargeable during his occupation, as to which there should be a reference and account, if so desired by the parties.

A year later, such reference was ordered to the clerk, and he, at June Term, 1864, made a report, with the statement of the account, in which he finds that the rents, less the improvements put upon the land, computed to the 1st day of January, 1863, exceed the amount of the unpaid purchase money by the sum of $53.96. At June Term, 1875, a motion was entered to confirm the report of the referee, of which notice was directed to be given to the defendant Moses Pitman, and such notice was served on him and on the plaintiff.

At June Term, 1876, such confirmation was given, and a decree entered, remanding the cause for further proceedings to the Superior Court, the successor of the Court of Equity, not prejudicial to the decree.

The remand is entered on the docket of said Superior Court, at Fall Term, and it was continued for a series of years, the record stating that the papers in the cause had not been sent down from this Court. Some action was taken during this period, and among others, a new order of reference to take an account of rents and profits, which remained unexecuted. At Spring Term, 1886, as appears in the record of that Court, transmitted and certified by the clerk, this order was entered :

" This cause coming on to be heard upon the amended complaint, and answer of defendant Moses Pitman, and it appearing that the cause was transferred to the Supreme Court before the amended complaint and answer were filed, and that the cause was then depending in the Supreme Court, and that said amended pleadings were improvidently filed ; it is ordered that the amended complaint and answer be stricken out, and that the cause stand as it stood before the filing of the amended complaint and answer."

At the last Term of this Court, plaintiffs' counsel moved for a decree of title, and for a further reference to ascertain the value of the rents of the land accrued since the taking of the first account ; and notice having been served on one of the complainant's counsel, the motion has been pressed upon us at the present Term.

This general history of a case which runs through a period of nearly a third of a century, with its attending irregularities and delays, is sufficient to show its present attitude and relation to the Court.

The last decree, following and in execution of that determining the merits of the cause, and the right of the complainant to a specific performance of the contract, lacked

only an order for title to make a complete and final disposition of it. The remand arrested further action here at this point, and carried with it the confirmation, leaving to the Superior Court the duty of taking such further action as was needed, and none other, for its consummation. The practice of remanding is settled by precedent. *Royster* v. *Chandler,* 6 Jones Eq., 291 ; *Hart* v. *Roper*, Ibid., 349.

The controversy adjusted in this Court, could not be reopened in the Court below, as seems to have been attempted, by new pleadings introduced, or by permitting anything to be done inconsistent, or at variance with the rulings here made. The practical result to be secured was the conveyance of the title to the property, as would have been the case here, had the jurisdiction over the cause been retained. But it was no longer in this Court for any further order, unless, perhaps, the transmission of the papers and transcript; but the neglect to transmit them, did not retain the cause itself after the order, nor impair the efficiency of the order.

The final and effectual relief in securing the estate in the land, must be found in an application to the Court below, where the jurisdiction is; not in this Court, where it is not. As to further relief in a new reference, we may observe that in the old equity practice, unlike the present, the purpose of reference was to ascertain if payment had been made, or how much had been paid, as preliminary to the decree, but not to afford ground for affirmative relief for the defendant, and so is this case presented in the pleadings.

There was no cross-bill filed by the defendant, but his defence was confined to resistance to the plaintiffs' alleged equity. And even under our present system, which does not control this proceeding, no such additional reference is allowable after a final decree. *Pearson* v. *Carr*, at the present Term.

The motion must be denied, with costs.

Denied.