C. M. HERNDON et al. v. THE ÆTNA INSURANCE COMPANY.

*Removal of Cause to the United States Court—Non-resident—Res Judicata.*

1. A non-resident defendant whose petition for removal of the cause to the United States Court was denied on the ground of insufficient affidavit, cannot be again heard upon further application for removal—it has become *res judicata.*

2. The Court might have allowed an amendment, if made in apt time.

This was a MOTION, heard before *Boykin, J.,* at January Term, 1891, of DURHAM Superior Court.

The defendant filed its petition in the action within the time allowed by law, praying that the same be removed to the Circuit Court of the United States in and for the Western District of North Carolina, as allowed by law in appropriate cases. That petition failed to allege, and it did not appear, that one of the plaintiffs was a citizen of this State, that the others were citizens of another State, and the defendant was a citizen of a third and different State at the time the action began, and the application was denied. *Herndon* v. *Ins. Co.,* 107 N. C., 191 and 194. Thereupon the defendant excepted and appealed to this Court, and the latter affirmed the judgment of the Court below.

Thereafter, and at the last term of the Superior Court, the defendant moved, upon affidavit, "that it be allowed to amend its petition to remove this action to the United States Court, which has been heretofore filed herein," etc., so as to allege such diverse citizenship at the time the action began. The Court refused this motion, "not as matter of discretion, but on the ground that it is too late to amend, the defendant having heretofore filed its answer herein." From the order of the Court refusing to allow the amendment, the defendant appealed to this Court.

*Messrs. F. L. Fuller* and *J. W. Graham,* for plaintiff.
*Messrs. J. W. Hinsdale* (by brief) and *J. S. Manning,* for defendant.

MERRIMON, C. J.: No doubt the Court below might, in its discretion, have allowed such amendment as that prayed for, if a proper motion for the purpose had been made in apt time; but it is questionable whether such motion could have been allowed after the lapse of the time within which application might be made to remove the case to the Circuit Court of the United States. We need not, however, decide how this might be, because the application to so remove the

case was denied, the defendant appealed to this Court from the order of denial and the latter Court affirmed the order. Thus the application was ended, became *res adjudicata*, and the Court below had no authority to set the order of denial affirmed aside, or at all interfere with it, or allow such amendment as that asked for, and denied upon the ground that the motion came "too late, the defendant having heretofore filed its answer." This denial does not properly rest upon the ground thus assigned, but upon the other ground above indicated. Nor does the fact that the order so appealed from and affirmed by this Court was to be treated as interlocutory or incidental at all alter the case. The application was ended by a regular and orderly adjudication which was, as to it, final. *Jones* v. *Thorne*, 80 N. C., 72; *Roulhac* v. *Brown*, 87 N. C., 1; *Pasour* v. *Lineberger*, 90 N. C., 159; *Wilson* v. *Lineberger*, 82 N. C., 412; *Moore* v. *Grant*, 92 N. C., 316; *Wingo* v. *Hooper*, 98 N. C., 482; *Dobson* v. *Simonton*, 100 N. C., 56; *White* v. *Butcher*, 97 N. C., 7.

If it be granted that the defendant could have made a fresh application to remove the case, it did not do so; and if it had done so, the application could not have been allowed, because it would have been made too late—not within the time such applications might be made.

Order affirmed.