MEEKINS v. NORFOLK AND SOUTHERN RAILROAD COMPANY.

(Filed September 9, 1902.)

1. NONSUIT—*Limitation of Actions—The Code, Secs. 166, 1498.*

   A new action may be commenced in all cases within one year after nonsuit.

2. APPEAL—*Dismissal—Action.*

   Refusal to dismiss an action is not appealable.

3. APPEAL—*Dismissal.*

   The supreme court may consider the points intended to be presented, though the appeal is dismissed.

ACTION by J. C. Meekins, administrator of John Jones, against the Norfolk and Southern Railroad Company, heard by Judge *George A. Jones,* at Spring Term, 1902, of the Superior Court of TYRRELL County. From a refusal to dismiss the action, the defendant appealed.

*E. F. Aydlett,* for the plaintiff.
*Pruden & Pruden* and *Shepherd & Shepherd,* for the defendant.

CLARK, J. This was an action under The Code, Sec. 1498, for damages for the death of plaintiff's intestate, caused by

the wrongful act or neglect of the defendant. The original action was brought within one year from the death of the plaintiff's intestate and a nonsuit was taken. Within one year after such nonsuit, but more than a year after the death of intestate, this action was begun. The defendant demurred *ore tenus* and moved to dismiss the action, and appealed from a refusal of its motion.

The Code, Sec. 166, provides: "If any action shall be commenced within the time prescribed therefor, and the plaintiff be nonsuited * * * the plaintiff * * * may commence a new action within one year after such nonsuit." The defendant contends that this provision is under the title in The Code applying to *limitations,* and that the time prescribed under Section 1498 is not strictly a statute of limitations. *Best v. Kinston,* 106 N. C., 205. But the original action was brought within the time prescribed in Section 1498, and, therefore, it does not here matter what the nature of that prescription is. On the other hand, the time within which a new action may be commenced after a nonsuit, etc., is a statute of limitation, and applies to all cases where a nonsuit, etc., has been sustained. This statute (The Code, Sec. 166) contains no exception of cases under Section 1498, or of any other cases where the time prescribed for bringing the original action might not be strictly a statute of limitation. We know no cause why the privilege to commence a new action within a year after nonsuit should not apply equally to all cases of nonsuit. The statute makes no distinction, and there is certainly none in the reason of the thing, which is the same as to that class of cases, as in any others.

No appeal lies from a refusal to dismiss an action. Clark's Code (3d Ed.), page 738, and numerous cases there quoted; *Clinard v. White,* 129 N. C., 250. But we have, notwithstanding, discussed the merits of the motion, as was done in the last-named case, and in *State v. Wylde,* 110 N. C., 500.

Appeal Dismissed.