## EVANS v. ALRIDGE.

(Filed November 17, 1903.)

1. ATTACHMENT — *Levy—Judgments—Non-residents—The Code, sec. 359—Acts 1895, ch. 435.*

   The failure to certify to the clerk of the superior court of the county in which the land lies a levy thereon, in an attachment proceeding, does not invalidate such levy.

2. EXECUTIONS—*Judgments—Levy.*

   A levy on land located in another county than that in which the judgment was obtained may be made without docketing a transcript of the judgment in the county where the land lies.

3. ATTACHMENT—*Judgments—Summons—Publication—Sale.*

   In an action to recover land purchased under a judgment recovered against defendant's non-resident grantor, plaintiff could not recover, in the absence of proof of the grantor's personal appearance or publication of summons after attachment.

4. NON-SUIT—*Attachment.*

   Where a non-suit is taken upon a demurrer to the evidence, a new action may be brought within one year.

ACTION by J. J. Evans against J. M. Alridge, heard by Judge *W. R. Allen* and a jury at July Term, 1903, of the Superior Court of RANDOLPH County. From a judgment for the defendant the plaintiff appealed.

*O. L. Sapp,* for the plaintiff.
*Brittain & Gregson,* for the defendant.

CLARK, C. J. The plaintiff instituted an action in Robeson County, 27 September, 1897, against one Jennings, a non-resident of the State, and, presumably as a basis for publication of summons, procured a warrant of attachment, which

was levied in Randolph County upon the land in controversy as the property of Jennings, 20 October, 1897. Judgment was rendered in that action, the defendant entering no appearance, 6 December, 1898. On 18 July, 1899, execution issued to Randolph County and was levied 16 August, 1899, on the land in controversy, which was the same on which the warrant of attachment had been levied, and on 2 October, 1899, the land was sold under said execution and levy and was purchased by the plaintiff. The defendant claims title by virtue of a conveyance from J. D. Jennings executed to him 28 August, 1889 (twelve days after the levy of the execution under which the plaintiff bought), which deed was recorded 29 August, 1899.

The defendant demurred to the evidence:

1. Because it did not appear that the levy of the attachment was certified to the Clerk of the Superior Court of Randolph County, where the land lay, as required by chapter 435, Laws 1895; Clark's Code (3d Ed.), sec. 359. But that merely prescribes that the levy of the attachment shall be a lien only from the date of the entry of said certificate by the Clerk. Failure to make such certificate and entry in no wise invalidates the efficiency of such levy as the basis of jurisdiction against the defendant in the action.

2. That the execution was issued from Robeson County and levied without a transcript of the judgment being docketed in Randolph. That question was passed upon in *Lytle v. Lytle,* 94 N. C., 683, where an execution issued from McDowell to Buncombe County was levied on realty in the latter county without a transcript of the judgment being docketed therein, and this Court held (*Smith, C. J.,* writing the opinion) that "if an execution issued on a judgment more than ten years after the docketing, but which is not dormant, or to a county in which the judgment has never been docketed, a sale of both real and personal property under it is valid, but

the lien only relates to the levy." This case was cited and approved in *Bernhardt v. Brown,* 122 N. C., at p. 594; 65 Am. St. Rep., 725, which case cites as holding the same doctrine *Sawyers v. Sawyers,* 93 N. C., bottom of p. 321; *Spicer v. Gambill,* 93 N. C., 378; *Coates v. Wilkes,* 94 N. C., at p. 181; *Holman v. Miller,* 103 N. C., 118. *Lytle v. Lytle* and *Spicer v. Gambill* are cited as authorities in *Heyer v. Rivenbark,* 128 N. C., 272. The reason is that a levy is a taking possession by the sheriff and is a notice to all the world.

For a third ground the defendant objects that the transcript of the record from Robeson in the action of *Evans v. Jennings,* put in evidence by the plaintiff, does not show any personal appearance by Jennings nor publication of summons. This point is well taken. The plaintiff, purchaser at the execution sale, having been plaintiff in the action in which the execution issued, must not only show execution, as a purchaser who is a stranger to the action might do, but must show that there was a valid judgment. *Lyerly v. Wheeler,* 33 N. C., 288; 53 Am. Dec., 414; *Jennings v. Stafford,* 23 N. C., 404; *Stallings v. Gully,* 48 N. C., 344. The cases cited by the plaintiff's counsel, where the defendant is presumed to have appeared because of continuances of the cause, were cases where the continuances had been procured by the defendant. 2 Enc. Pl. & Pr., 633.

As the plaintiff failed to show that there was due publication of summons as well as an attachment, the Court properly dismissed the action under the statute. *Spillman v. Williams,* 91 N. C., 483; *Winfree v. Bagley,* 102 N. C., 515. If however, in fact there was proper publication, nothing debars the plaintiff from bringing another action in which it may be shown. *Prevatt v. Harrelson,* 132 N. C., 250, and cases there cited.

No error.