J. A. TUSSEY and wife v. L. A. OWEN, exr.

(Filed 15 April, 1908).

1. **Judgment—Evidence—Nonsuit—Supreme Court—Direction to Dismiss Action.**

    When in the Supreme Court the lower court is reversed for refusing a motion to dismiss upon the evidence as of nonsuit (Revisal, sec. 539), it is in law equivalent to a direction to dismiss the action.

2. **Appeal and Error—Supreme Court—Superior Court Refusing to Obey—Mandate—Mandamus.**

    Whenever the court below refuses to obey the mandate of the Supreme Court as contained in its opinion disposing of the case on appeal the proper remedy is by *mandamus;* but when at a subsequent term the Superior Court eventually did as directed, when the opinion was certified down and received by it, the error is cured.

3. **Appeal and Error—Judgment—Nonsuit—Another Action.**

    When on appeal a case is ordered to be dismissed by the Supreme Court on a motion to nonsuit upon the evidence, the Superior Court is without authority to allow an amendment or to proceed contrary to the opinion, but the plaintiff may bring another action within twelve months after the judgment of nonsuit.

ACTION tried before *Justice, J.,* and a jury, at November Term, 1907, of DAVIDSON.

This was an action brought to recover $2,000 for services rendered by the *feme* plaintiff to her father. She alleged that he had agreed to give her one-fourth of his estate in his will if she would continue to live at his home and work for him. When the case was here at a former term we held that upon her own evidence she could not recover the contract price, as she had failed to show performance of the contract on her part or that she was prevented by her father from performing it. The defendant had moved to nonsuit the plaintiffs, and this Court further directed that the nonsuit should have been allowed, and the Judge erred in refusing the motion. When the opinion and judgment of this Court were certified to the Superior Court the plaintiffs, at April Term, 1906, moved to amend the complaint so as to allege that the *feme* plaintiff had agreed to work for her father until his debts had been paid, and not until he died, if he would give her one-third of his property, and that she had performed her part of the contract. The defendant objected to this amendment and excepted to the ruling of the court allowing the same upon the ground that the court had no power to allow an amendment. To the amended complaint the defendant, at April Term, 1906, filed a demurrer, which, at August Term, 1906, was sustained upon the ground that a new cause of action had been alleged. The plaintiffs were then allowed to further amend the complaint by alleging that the *feme* plaintiff quit the service of her father because of intolerable conditions existing at his home, was married and went with her husband to live in Tennessee. The defendant demurred to this amended complaint; the demurrer was sustained at November Term, 1906, so far as it covered the objections taken in the former demurrer, and in other respects it was overruled. The defendant excepted and answered the amended complaint. At November Term, 1907, the court, upon an inspection and consideration of the record,

dismissed the action as upon nonsuit, it appearing from the certificate of this Court that a nonsuit had been ordered. The plaintiff excepted and appealed.

*Walser & Walser* and *Watson, Buxton & Watson* for plaintiffs.

*E. E. Raper* and *W. H. Phillips* for defendant.

WALKER, J., after stating the case: When this case was here before we declared that there was error and that the Superior Court should have entered a judgment of nonsuit against the plaintiffs. The judgment of this Court was duly certified to the court below, with directions to proceed further in the cause in accordance with the opinion by which the nonsuit had been ordered. The nonsuit was ordered, not upon the pleadings, but upon the evidence, under the provisions of the statute (Revisal, sec. 539). It was in law equivalent to a reversal of the judgment below and a direction to dismiss the action. *Hollingsworth v. Skelding,* 142 N. C., 246; *Bowden v. Railroad,* 144 N. C., 28. It was therefore the duty of the Superior Court, when it received the certificate of this Court with the accompanying opinion, to dismiss the action in accordance with the mandate of the judgment delivered here. It had no power to proceed otherwise than as directed in that judgment, and especially did it not have the power to proceed in a manner inconsistent therewith. The cases to this effect are numerous. *Calvert v. Peebles,* 82 N. C., 334; *Murrill v. Murrill,* 90 N. C., 120; *Brendle v. Herren,* 97 N. C., 257; *Pearson v. Carr,* 97 N. C., 194; *Dobson v. Simonton,* 100 N. C., 56; *Stephens v. Koonce,* 106 N. C., 222; *Herndon v. Insurance Co.,* 108 N. C., 648; *Black v. Black,* 111 N. C., 300. In *McCall v. Webb,* 126 N. C., 760, this Court held that after final judgment in the Supreme Court it is too late to set up a new cause of action by amendment of the complaint, and in *White v. Butcher,* 97 N. C., 7, this Court refused to permit any change in the pleadings for

147—22

the purpose of introducing new matter into the case after it had been finally decided upon the merits. "The controversy adjusted in this Court could not be reopened in the court below, as seems to have been attempted, by new pleadings introduced or by permitting anything to be done inconsistent or at variance with the rulings here made." *White v. Butcher,* 97 N. C., 10.

In *Murrill v. Murrill, supra,* it is suggested that the refusal of the Superior Court to obey the mandate of this Court is not reviewable by appeal, as there is nothing to be reviewed, the proper remedy being by *mandamus,* following *Ray v. Ray,* 34 N. C., 24. In this case the Superior Court eventually did what should have been done when the judgment and opinion of this Court were certified to and received by the court below. The intermediate orders and proceedings are nugatory. The plaintiff may, under the decisions of this Court, bring another action within one year after the judgment of nonsuit. *Meekins v. Railroad,* 131 N. C., 1; *Prevatt v. Harrelson,* 132 N. C., 250; *Evans v. Alridge,* 133 N. C., 378; *Nunally v. Railroad,* 134 N. C., 755; *Hood v. Telegraph Co.,* 135 N. C., 627. If this were an open question the writer of this opinion would not give his assent to the principle as thus decided, as a dismissal of the case upon the merits, whether called a nonsuit or by any other name, is equivalent in law to a judgment upon a demurrer to the evidence, which by the best-considered authorities has the same effect as a bar to another suit, as a judgment rendered upon a demurrer to the pleadings or as any other judgment upon the merits. *Willoughby v. Stevens,* 132 N. C., 254. But the law has been settled the other way by actual decision upon the very question, and we now hold unanimously that another suit will lie within a year of the nonsuit. It would seem that a decision affirming the judgment is the best disposition for the plaintiff that could be made of the case, as it eliminates the serious question raised

by the defendant's counsel whether the judgment of the Superior Court sustaining the demurrer operates as a bar to a second assertion of the same cause of action to which the objection by way of demurrer was first taken. The plaintiff may sue again and plead as she may be advised.

No Error.