J. R. HENDERSON v. R. L. ELLER.

(Filed 6 May, 1908).

1. Pleadings—Evidence—Relief—Wrong Remedy Sought—Parties—Nonsuit.

   In an action demanding judgment for title to and possession of land, when it appears from the pleadings, taken in connection with the evidence, that a direct action to charge the land with an indebtedness should have been brought, and no motion to amend the pleadings was made, a motion as of nonsuit upon the evidence was properly allowed.

2. Judgments—Nonsuit—Another Action—Limitations of Actions.

   When a motion as of nonsuit upon the evidence is sustained the plaintiff may bring another action within one year.

ACTION tried before *Ferguson, J.,* and a jury, at January Term, 1908, of WILKES.

The plaintiff alleged that he was the owner in fee and entitled to the possession of the land in controversy, and that the defendant was wrongfully in possession and unlawfully withholding it from him.

A motion as of nonsuit upon the evidence was sustained in the lower court upon the ground that the pleadings, taken in connection with the evidence, developed that defendant's title was attacked for fraud, and that a direct action to charge the land with an indebtedness to plaintiff should have been brought, to which other necessary parties should be made. The plaintiff made no motion to amend his pleadings.   From the judgment sustaining the motion the defendant appealed.

*W. W. Barber* for plaintiff.
*Finley & Hendren* for defendant.

PER CURIAM. The court below allowed the motion of the defendant to nonsuit plaintiff upon the ground that under the form of the pleadings, taken in connection with the evidence, a direct action to charge the land with the indebtedness should have been brought, to which all necessary parties should be made.

As no motion to amend the pleadings was made, his Honor properly sustained the motion. Plaintiff may bring another action within one year. *Tussey v. Owen, ante,* 335.

Affirmed.