EUREKA LUMBER COMPANY v. JOHN R. HARRISON AND
J. H. ODEN.

(Filed 16 September, 1908.)

**Judgment—Nonsuit—Appeal Dismissed—Action Within One Year.**
Where there has been a judgment of nonsuit entered against
a plaintiff upon the evidence, and an appeal taken to the Su-
preme Court which was not duly prosecuted and was dismissed
under Rule 17, the judgment in the first action is not a bar to
the second one, and the plaintiff may bring another action for
the same cause within one year after the appeal in the first
action has been dismissed. This is clearly so, if an additional
cause of action is stated and no proof taken.

ACTION heard by *Lyon, J.,* at May Term, 1908, of BEAU-
FORT.

Plaintiff appealed.

*Wiley C. Rodman* for plaintiff.
No counsel for defendants.

WALKER, J.    It appears from the record that the plain-
tiff brought an action against the defendants for a trespass
committed on its land in cutting trees.    At the conclusion
of the testimony the court, on motion of the defendants, ad-
judged that a nonsuit be entered against the plaintiff under
the statute (Revisal, sec. 539).    The plaintiff appealed from
this judgment, but the appeal, not having been duly prose-
cuted, was dismissed in this Court, under Rule 17.    The
plaintiff then brought this action, for the same trespass,
within one year after the other action and the appeal therein
had been dismissed.    The action was also dismissed in the
court below, and the injunction formerly issued was vacated,
upon the ground that the nonsuit in the former action was a
complete bar to the further prosecution of this action.    The
question, therefore, is whether a second suit for the same
cause of action will lie under such circumstances.    We de-
cided in *Hood v. Telegraph Co.,* 135 N. C., 622, where the

same point was presented, that a second action will lie, although a nonsuit had been entered against the plaintiff, on the merits, in a former suit for the same cause of action and upon the same state of facts. This ruling is sustained in the following cases: *Meekins v. Railroad,* 131 N. C., 1; *Prevatt v. Harrelson,* 132 N. C., 250; *Evans v. Alridge,* 133 N. C., 378; *Nunnally v. Railroad,* 134 N. C., 755; *Tussey v. Owen,* 147 N. C., 335; *Henderson v. Eller,* 61 S. E. (N. C.), 446.

We will not discuss the suggestion in the plaintiff's brief that there is an additional cause of action stated in the complaint in this action, as it is not necessary to do so. If that be correct, the ruling of the court was clearly erroneous, no proof having been taken in this case.

There was error in dismissing the action.

Reversed.