C. P. COX et al. v. C. V. S. BOYDEN, Administratrix.

(Filed 30 November, 1910.)

1. Judgments—Process—Execution.

The Laws of 1905, ch. 412 (Revisal, sec. 622), providing that "no execution shall issue from the Superior Court upon any judgment until such judgment shall be docketed in the county to which the execution shall be issued," do not apply to executions issued prior to the enactment of said chapter 412.

2. Same—Homestead—Different County.

Prior to the Acts of 1905, it was not necessary to the validity of proceedings to lay off the homestead of the judgment debtor under execution issued from another county, that the judgment of that county be first docketed in the county of the *locus in quo.*

3. Same—Estoppel.

When the homestead of a judgment debtor has been laid off under execution, issued prior to the enactment of ch. 412, Laws 1905, Revisal, sec. 622, and recognized both by the debtor and creditor for a long period of time, in this case thirty years, it is not open to the debtor, his personal representatives or heirs to dispute the validity of the proceedings by which the homestead was allotted, upon the ground that the execution had issued under a judgment obtained in a different county and not docketed in the proper county at the time the proceedings were had.

4. Same—Equity—Procedure—Pleadings.

The defendant contracted to convey to the plaintiff for $4,300 a certain tract of land chiefly valuable for its timber. The plain-

tiff paid $3,500 on a prior mortgage debt on the land defendant owed to another, and gave his note to defendant for $400, the balance of the purchase price. He then purchased several judgments against the defendant constituting a prior lien on the land, and brings a successful action in behalf of himself and all other creditors, etc., asking that the contract, the deed and his note be cancelled, and that he be subrogated to the rights of the mortgagee. *Held*, (1) defendant's evidence was competent tending to show as an offset that plaintiff entered into possession under his deed and cut, sold and received the price for a part of the standing timber; under the application of the doctrine that "he who asks equity must do equity"; (2) it being an equitable right, growing out of the alleged cause of action, it was unnecessary to assert it by way of answer; (3) the various priorities and liens should be established, and a balance struck between plaintiff and defendant before ordering a sale of the land.

APPEAL from *Long, J.,* at the April Term, 1910, of SURRY.

Among other allegations contained in the complaint, it is alleged that C. P. Cox, the intestate of the plaintiffs, purchased from C. V. S. Boyden, as administrator of N. A. Boyden and individually as his heir-at-law, 337 acres of land in Surry County belonging to N. A. Boyden, for the sum of $4,300, of which $3,900 was paid to the First National Bank of Mount Airy, N. C., on a bond secured by a duly registered deed of trust on said land, and a note of $400 for the balance was executed to the administratrix of N. A. Boyden. The purchaser, Cox, finding that there were unsatisfied docketed judgments against N. A. Boyden, under one of which his homestead had been allotted, purchased several of said judgments, and brought this action in behalf of himself and all other creditors, to have the land allotted as his homestead sold and also to have the deed to him declared void, his note for $400 surrendered and cancelled, and himself subrogated to the rights of the bank, under the deed of trust, to whom he had paid $3,900 of the purchase price and for a reference to ascertain the validity and liens of the judgments. C. P. Cox, the purchaser, died pending the action and the plaintiffs, as his administrators, were made parties. The defendant answered some of the allegations and denying others, pleaded the statute of limitations to the judgments; denied that the homestead of N. A. Boyden had been properly allotted, it having

been allotted in October, 1877, on an execution issued from the Superior Court of Rowan County, but not docketed in Surry County, though the return was filed in the office of the clerk of the Superior Court of Surry County. The defendant denied the right to have the note of $400 cancelled. The action was referred to Hon. R. A. Doughton, who heard the evidence offered on 4 and 5 August, 1909. At the hearing the defendant offered to show that C. P. Cox, after the date of the deed to him, entered upon the land, moved a sawmill upon it and cut down and removed timber of the value of more than $2,000. This evidence was rejected by the referee. The defendant excepted to this ruling, and upon his Honor's sustaining the ruling of the referee, again excepted and assigned these rulings as error. The referee sustained the allotment of the homestead of N. A. Boyden under the Susan Coghill execution issued from Rowan County in 1877, though the allotment was not recorded in the office of the register of deeds of Surry County and the judgment not docketed at that time in said county; ascertained the validity and priority of lien of the judgments against N. A. Boyden; that he was indebted otherwise than by judgment at the date of his death; declared the deed void as made within two years after administration upon his estate; that C. P. Cox was entitled to be subrogated to the rights of the Mount Airy Bank to the extent of $3,900 paid by him on that debt, and ordered a cancellation of the note of $400. The defendant filed exceptions to these several findings of the referee, and his Honor having approved the findings and conclusions of law, the defendants again excepted. His Honor directed the tracts of land to be sold separately by the commissioners appointed, but directed the proceeds to be held to await the further report of the referee on the validity of the two alleged debts therein reported by him. From the judgment, the defendant appealed.

*Lindsay Patterson* for plaintiff.

*W. L. Reece, Benbow & Hall, Watson, Buxton & Watson* and *J. E. Alexander* for defendant.

Manning, J. The rulings of his Honor and the referee as to the validity of the allotment of the homestead of N. A. Boyden

under execution issued on the Susan Coghill judgment from the Superior Court of Rowan County, though at the time that judgment was not docketed in Surry County, are, in our opinion, sustained by the former decisions of this Court. It was held in *Bevan v. Ellis,* 121 N. C., 224, that it was not necessary to have the appraisers' return of the homestead registered in the office of the register of deeds of the county in which the homestead is situated in order to make the judgment lien valid and binding on the homestead, until the exemption from sale of the land so allotted as a homestead shall determine. It would seem clear, upon another principle declared by this Court in *Spoon v. Reid,* 78 N. C., 244; *Whitehead v. Spivey,* 103 N. C., 66, and *Oates v. Munday,* 127 N. C., 439, that it would not now be open, after an acquiescence of more than thirty years in the allotment of the homestead, as made, by both creditor and debtor, for the debtor or his personal representative or heir-at-law to dispute the fact of the allotment. "The homestead, as a matter of fact, was laid off by well-defined lines, whether regularly or irregularly, and no objection was made to it by exception or appeal. The debtor accepted the assignment and has enjoyed the benefit thereof for more than twenty years, and the creditors have submitted to it for the same time. Both parties are estopped from denying an accomplished fact, so long recognized by them." It has also been held by this Court that a sale under execution, though the judgment is not docketed in the county in which the land lies, is not necessarily invalid. In *Lytle v. Lytle,* 94 N. C., 683, *Chief Justice Smith,* in speaking for the Court, said: "The docketing of a judgment is not an essential condition of its efficacy, nor a precedent requisite to an enforcement by final process. It is only necessary to create and prolong the lien thus acquired, for the benefit of the creditor against subsequent liens, encumbrances and conveyances of the same property." In *Holman v. Miller,* 103 N. C., 118, it is said: "Under the present system, no lien is acquired upon land in the absence of an execution and levy, until the judgment has been docketed." To the same effect is *Bernhardt v. Brown,* 122 N. C., 587; *Evans v. Alridge,* 133 N. C., 378, where the cases are cited. But these decisions are not authority to sustain such acts since the Laws

1905, ch. 412, which act provided that: "No execution shall issue from the Superior Court upon any judgment until such judgment shall be docketed in the county to which the execution shall be issued." See Revisal, sec. 622. The validity of the proceedings we are now considering must, however, be determined by the law as it was held at that time—to-wit: prior to the Act 1905, in 1877. In our opinion, it must, therefore, follow that if a valid sale of land could be had under an execution and levy, issued on a judgment obtained in the county in which the land is located, then the homestead of the judgment debtor could be properly laid off, and after acquiescing in such allotment, the judgment debtor and his heir-at-law and personal representative cannot dispute its validity. We find no errors in these rulings of the referee and his Honor.

We think that both the referee and his Honor erred in not receiving the evidence offered as to the value of the timber cut and removed from the land by the purchaser, Cox, and the rents and profits received by him, if any. One of the main equities asserted by the plaintiffs—and the theory upon which the plaintiffs proceeded—was the rescission of the contract of sale, the cancellation of the deed and note given for the balance of the purchase money, and the subrogation of Cox, the purchaser, to the rights of the bank to the extent of $3,900, paid by him out of the purchase money in discharge *pro tanto* of its lien on this land; and the referee concluded that the plaintiffs were entitled to have the contract rescinded, and this finding was approved by his Honor. Conceding that the title conveyed by the defendant, as administrator of N. A. Boyden and by her as his heir-at-law, was defective and subject to be avoided at the suit of creditors of N. A. Boyden, because made within two years from the grant of letters of administration upon his estate under sec. 70, Revisal, the purchaser, Cox, entered upon the land described in the deed and under the deed, and cut large quantities of timber therefrom to the value, as offered to be shown, of more than $2,000. It appears that this land was valuable for its timber. It would be inequitable to decree a cancellation of the obligation of Cox and rescind the contract as to the burden imposed by it upon him, and not require him to account for the benefits re-

ceived by him. "He who seeks equity must do equity." The principal relief to be effected by cancellation or rescission is to place the parties in the same condition as if there had been no change of their condition by the attempted contract—to put them in *statu quo*. This is universally recognized. *Reed v. Exum*, 84 N. C., 430; *Wood v. Wheeler*, 106 N. C., 512; *Odom v. Riddick*, 104 N. C., 515; *Sprinkle v. Wellborn*, 140 N. C., 163 (these last two cases of cancellation on the ground of mental incapacity); *Neblett v. MacFarland*, 92 U. S., 101; *Barbour v. Morris*, 45 Ky., 120; *New Castle Northern R. R. v. Simpson*, 23 Fed., 214; *Goodrich v. Lathrop*, 28 Am. St. Rep., 91; *Gatling v. Newell*, 9 Ind., 572; *Worthington v. Collins*, 39 W. Va., 406; *Adams v. Kibler*, 7 S. C., 47; *Edmunds v. Myers*, 16 Ill., 207; *R. R. v. Steinfield*, 42 Ohio St., 449; 6 Cyc., 306. The value of the timber, cut by plaintiff's intestate, as well as whatever else of value he received, or whatever the possession under the deed was worth to him, should be accounted for by him, as the judgment allows him to be subrogated to the rights of the mortgage creditor, as of the date of the payment by him of the $3,900, with interest from that date, and directs the surrender and cancellation of his note. As he is allowed interest, he should be charged with interest. In our opinion, the ruling of the referee in rejecting the evidence offered was erroneous. It is suggested that this ruling was based upon the fact that there was no such allegation in the answer; but as we have seen, the equity of rescission and cancellation, invoked by the plaintiffs, essentially involves the liability of the plaintiffs to restore as far as possible the *status quo;* and as the Court has administered equity for the plaintiffs, it should have compelled them to do equity to the defendant. In our opinion, there should be no order of sale until all the debts are ascertained and their respective priorities and liens determined, and the balance struck between plaintiffs and defendant, unless the property is deteriorating in value. The cause must be re-referred to the referee, in accordance with this opinion, and the order of sale vacated until his report is made and passed upon.

Error.