ED HAMPTON v. REX SPINNING COMPANY.

(Filed 22 January, 1930.)

**Judgments L a—Judgment of nonsuit on merits of case bars subsequent action on same cause on substantially the same evidence.**

> Where a cause of action has been heard under the pleadings upon evidence and a judgment as of nonsuit therein has been entered for insufficiency of the evidence to establish it, and the judgment is not appealed from, but remains upon the trial docket of the Superior Court unimpeached, another action between the same parties on the same cause of action and upon substantially the same evidence is barred by the former judgment which as to the second action is *res adjudicata*, C. S., 415.

CIVIL ACTION for damages for personal injury, heard by *McElroy, J.,* at June Term, 1929, of CHEROKEE.

The facts essential to the presentation of the legal question involved are contained in the judgment, which is as follows:

"This cause coming on to be heard before his Honor, P. A. McElroy, judge holding the courts of said county, at June Term, 1929, in said court, and after the jury has been sworn and empaneled, the pleadings

read, and testimony introduced on behalf of both plaintiff and defendant, and defendant having pleaded in its amendment to its answer in this cause, a former determination or judgment of nonsuit against the plaintiff on the same cause of action and on the same testimony, at April Term, 1928, of said court, from the records and uncontradicted testimony the court finds the following facts:

1. That on 16 May, 1927, the plaintiff in this action, Ed Hampton, instituted an action against the Rex Spinning Company above named by suing out a summons therein which was duly served on said defendant Spinning Company on the 21st day of said month, and on the 27th day of said month, plaintiff duly filed his complaint in said action in the office of the clerk of the Superior Court of said county, to which complaint the defendant filed its answer on 17 June, 1927.

2. That said cause came on for trial at April Term, 1928, of said court, before Honorable Cameron McRae, special judge, and a jury which was duly sworn and empaneled, at which trial the said plaintiff, Ed Hampton, and one J. T. Cowart, were the only witnesses who testified for plaintiff, and at the conclusion of plaintiff's testimony, and after consideration of the cause upon its merits, the court adjudged that the plaintiff, upon all the evidence, was not entitled to recover, and rendered a judgment of nonsuit against the plaintiff, from which plaintiff did not appeal, but which judgment is still in force and unreversed and has been since the date of said trial.

3. That on 29 March, 1929, the plaintiff, Ed Hampton, who is admitted to be the same Ed Hampton who was plaintiff in said former suit sued out another summons against the same defendant, which summons with the complaint of plaintiff therein was duly served on Rex Spinning Company 3 April, 1929, to which complaint defendant on 27 April, 1929, duly filed its answer, and thereafter by leave of the court, after it had overruled the first plea of estoppel set up an amendment to defendant's said answer, and stricken out so much of paragraph two of the second estoppel set up in said amendment as contained the testimony of witness, defendant's amendment to its answer was filed, and upon plaintiff's said complaint and answer of defendant, with its amendment as allowed by the court, the cause came on to be tried at the June Term, 1929, of said court.

4. That after a jury had been chosen, sworn and empaneled, the pleadings read and testimony introduced by both plaintiff and defendant, at the conclusion of the testimony, and upon the undisputed evidence in the case and records introduced, the court finds that the cause of action set up in the present action is the same as that set up in the first action which fully appears from the pleadings in both cases which were introduced in evidence.

5. The court further finds from the uncontradicted testimony of both the plaintiff Ed Hampton and his witness, J. T. Cowart, who were the only witnesses for plaintiff examined on the present trial with reference to said cause of action, that the testimony as to the cause of action was the same in both, except that on the former trial plaintiff testified that Brady was his boss, and on the latter the witness Goodman testified that Brady was under him and over plaintiff, who had orders from Brady.

Whereupon, it is considered, adjudged and decreed by the court that this, the plaintiff's cause of action in this suit, has heretofore been determined adversely to him upon the merits, and that by the judgment in said former cause that the said plaintiff is estopped to prosecute the same cause of action against the same defendant in the present cause, the court holding that the plaintiff is estopped by the former judgment.

It is further considered, adjudged and decreed by the court that the plaintiff take nothing by his action, the same be dismissed, and that this defendant go hence without day."

From the judgment rendered plaintiff appealed.

*J. D. Mallonee and Moody & Moody for plaintiff.*
*Dillard & Hill for defendant.*

BROGDEN, J. Does a judgment of nonsuit, duly entered by a judge of the Superior Court, upon the merits of the cause, and after all the evidence has been introduced by plaintiff, become determinative and conclusive in a new action brought under C. S., 415, upon the same complaint and upon the same evidence?

The plaintiff contends that C. S., 415, permits any number of suits upon the same cause of action, brought within one year from a judgment of nonsuit, irrespective of the reason or grounds of such judgment, and bases his contention upon the following decisions of this Court: *Meekins v. R. R.,* 131 N. C., 1, 42 S. E., 333; *Prevatt v. Harrelson,* 132 N. C., 250, 43 S. E., 800; *Evans v. Alridge,* 133 N. C., 378, 45 S. E., 772; *Nunnally v. R. R.,* 134 N. C., 755, 46 S. E., 5; *Hood v. Telegraph Co.,* 135 N. C., 622, 47 S. E., 607; *Tussey v. Owen,* 147 N. C., 335, 61 S. E., 180; *Henderson v. Eller,* 147 N. C., 582, 61 S. E., 446; *Lumber Co. v. Harrison,* 148 N. C., 333, 62 S. E., 413; *Starling v. Cotton Mills,* 168 N. C., 229, 84 S. E., 388; *Culbreth v. R. R.,* 169 N. C., 723, 86 S. E., 624.

The principle was thus stated in *Tussey v. Owen, supra:* "The plaintiff may, under the decisions of this Court, bring another action within one year after the judgment of nonsuit. . . . If this were an open question the writer of this opinion would not give his assent to the principle as thus decided, as a dismissal of the case upon the merits,

whether called a nonsuit or by any other name, is equivalent in law to a judgment upon a demurrer to the evidence, which by the best-considered authorities has the same effect as a bar to another suit, as a judgment rendered upon a demurrer to the pleadings or as any other judgment upon the merits. . . . But the law has been settled the other way by actual decision upon the very question, and we now hold unanimously that another suit will lie within a year of the nonsuit."

In *Lumber Co. v. Harrison, supra,* the Court said: "We decided in *Hood v. Telegraph Co.,* 135 N. C., 622, where the same point was presented, that a second action will lie, although nonsuit had been entered against the plaintiff, on the merits, in a former suit for the same cause of action and upon the same state of facts." The decisions cited as a basis for the doctrine announced in the *Hood, Tussey* and *Harrison cases, supra,* are *Meekins v. R. R., supra; Prevatt v. Harrelson, supra; Evans v. Alridge, supra,* and *Nunnally v. R. R., supra.* It may be interesting to observe that the *Meekins case* involved a voluntary nonsuit. The *Prevatt case* contains no reference to a former suit between the parties. In the case of *Evans v. Alridge, supra,* the action was dismissed because of failure of proof of showing the publication of summons. The *Nunnally case, supra,* is a memorandum decision which does not disclose the facts. Apparently, therefore, prior to the *Hood case, supra,* there was no case involving the nonsuit of a prior action upon the merits. The original record in the *Hood case* discloses that there was a trial of the cause upon its merits and the plaintiff was nonsuited. Upon appeal to the Supreme Court the nonsuit was affirmed, 130 N. C., 743, and the petition to rehear filed by plaintiff was dismissed. *Hood v. Tel. Co.,* 131 N. C., 828, 43 S. E., 1003.

So, upon the authorities cited, it is contended that a person may bring a suit, fully develop his case in open court; and, if a judgment of nonsuit is entered, he then, within twelve months, may bring identically the same action, offer identically the same evidence, and if again nonsuited, may continue the same process indefinitely. In other words, if a plaintiff should live as long as Methuselah, he could probably bring five hundred law suits upon the same complaint, offer the same evidence, and yet, there would be no end to the litigation. The same result would follow in the event he appealed to the Supreme Court upon each judgment of nonsuit, and the Supreme Court should affirm the lower court. *Trull v. R. R.,* 151 N. C., 545, 66 S. E., 586.

The defendant, however, contends that a distinction should be drawn between cases nonsuited upon the merits, and after a full hearing, and cases nonsuited for other reasons. In support of this contention the defendant points out that even in *Hood v. Tel. Co.,* 135 N. C., 622, this Court ruled that: "Plaintiff's action was dismissed for lack of sufficient

evidence on a former trial," etc. This statement implies that the case then under consideration was different from the former case. Again in *Culbreth v. R. R.*, this Court said: "But the plaintiff may hereafter show, if she can, that such a claim was filed, as a nonsuit does not prevent the bringing of another action or bar the same, as we held in *Tussey v. Owen.* . . . Unless the plaintiff can supply the deficiency in the present testimony, another suit will not avail her." This language clearly implies that additional evidence would be necessary in the second suit.

Also, in *Smith v. Mfg. Co., supra,* the Court declared that the plaintiff would not be estopped from bringing another suit "for the merits of the case, it appeared, have not been passed upon by any conclusive ruling of the court."

In *Tuttle v. Warren,* 153 N. C., 459, 69 S. E., 426, the Court declared that the plaintiff had "shown no legal right to claim under Reuben Warren, or to avail himself of his possession of the *locus in quo.* . . . In the absence of the essential proof, we must sustain the judgment of nonsuit, but this does not prevent the plaintiff from bringing another action . . . and supplying the present deficiency in the evidence, if he is able to do so." Unquestionably, this declaration of the Court implied that the second case could not be identical with the case then being presently decided.

Again in *Prevatt v. Harrelson, supra,* the Court said: "In refusing the motion to nonsuit there was error for which, under the uniform practice of this Court, there must be a new trial. On such new trial, if the plaintiff can 'mend his lick' by additional and sufficient evidence, well and good. He has not lost the land. If he cannot offer such additional evidence, this, though a new trial in form, will be virtually a finality against him." This declaration also carries upon its face the suggestion that if a new suit is brought and maintained, the "lick must be mended" and additional evidence produced. North Carolina Practice and Procedure, by McIntosh, p. 615.

Furthermore, in *Grimes v. Andrews,* 170 N. C., 516, 87 S. E., 341, it was declared: "We do not say that where it appears that the merits have been considered and passed upon, the judgment of dismissal may not be successfully pleaded as a former adjudication, but no such thing occurred here."

The same suggestion appears in the case of *Northcott v. Northcott,* 175 N. C., 148, 95 S. E., 104.

The quotations from various cases where the question has been considered in this jurisdiction tend to show at least some degree of confusion upon the subject. Certainly, it is apparent that it was present in the minds of the judges writing the opinions that a judgment of nonsuit

upon the merits and after a full hearing, stood upon a different basis from those judgments of nonsuit upon other causes and upon other grounds.

In the last analysis, the philosophy of all procedure is based upon the idea of giving each litigant a full and ample "day in court" upon the merits of his cause, and, when this has been done, he is not entitled to another "day in court" upon identically the same cause of action and upon the identical evidence offered at a former hearing.

The confusion in the law upon the matter now presented can only be eliminated by recognizing a distinction between judgments of nonsuit upon the merits of the entire controversy and after a full hearing in court, and judgments of nonsuit upon other grounds.

Of course a bill of peace might be invoked, if litigation over identically the same cause of action and upon identically the same evidence, should be so long drawn out as to threaten to invade the domain of eternity. But even if the bill of peace should be granted, it would result in a limitation of the application of C. S., 415, as applied in some of the cases referred to—notably *Lumber Co. v. Harrison, supra,* and *Tussey v. Owen, supra.* Certainly, if such limitation can be imposed through enforcing a bill of peace, it would perhaps save time and cost to so construe C. S., 415, in the present case as to produce a uniform rule of procedure upon the question under discussion.

Other states have statutes somewhat similar to C. S., 415, but they vary greatly in their scope. Furthermore, the construction thereof by the courts are not uniform. *Bradshaw v. Bank,* 172 N. C., 632, 37 C. J., 1082.

We therefore hold, upon the particular facts appearing in the judgment in this cause, that a plaintiff may bring an action and have it heard upon its merits, and, if a judgment of nonsuit is then entered, he may bring a new suit within one year; or he may have the cause reviewed by the Supreme Court. If the Supreme Court affirms the judgment of the trial court, he may under C. S., 415, bring a new action within the period therein specified. But, if upon the trial of the new action, upon its merits, in either event, it appears to the trial court, and is found by such court as a fact, that the second suit is based upon substantially identical allegation and substantially identical evidence, and that the merits of the second cause are identically the same, thereupon the trial court should hold that the judgment in the first action was a bar or *res adjudicata,* and thus end that particular litigation.

Affirmed.