DEVIN, J., took no part in the consideration or decision of this case.
This is an action to recover damages for personal injuries suffered by the plaintiff on 6 June, 1928, while she was engaged in the performance of her duties as an employee of the defendant.
The action was begun on 5 November, 1934.
In her complaint the plaintiff alleges that on 14 March, 1931, she instituted an action in forma pauperis in the Superior Court of New Hanover County against the defendant to recover damages for the personal injuries which she suffered on 6 June, 1928, while she was engaged in the performance of her duties as an employee of the defendant; that at the trial of said action at October Term, 1931, of said court, a verdict *Page 224 
in her favor and against the defendant was returned by the jury; that on the motion of the defendant the verdict was set aside as a matter of law by his Honor, M. V. Barnhill, judge presiding, who thereupon dismissed the action by judgment of nonsuit; and that on plaintiff's appeal to the Supreme Court, the judgment was reversed, and the action remanded to the Superior Court of New Hanover County for further proceedings. See Batson v.Laundry Co., 202 N.C. 560, 163 S.E. 600.
She further alleges that said action was subsequently tried at October Term, 1932, of the Superior Court of New Hanover County, before his Honor, W. A. Devin, judge presiding; that at said trial, at the close of the evidence for the plaintiff, there was a judgment of nonsuit; and that on plaintiff's appeal to the Supreme Court, the judgment dismissing the action as of nonsuit was affirmed on 8 July, 1933. See Batson v. Laundry Co.,205 N.C. 93, 170 S.E. 136.
She further alleges that thereafter, on 28 July, 1933, the plaintiff instituted another action in forma pauperis in the Superior Court of New Hanover County to recover of the defendant on the same cause of action as that alleged in the complaint in the action which was begun on 14 March, 1931, and dismissed by judgment as of nonsuit on 8 July, 1933; that at the trial of said action before his Honor, J. Paul Frizzelle, judge presiding, at September Term, 1934, of the Superior Court of New Hanover County, the plaintiff took a voluntary nonsuit; and that thereafter, on 5 November, 1934, this action was begun.
In her complaint in this action, the plaintiff alleges that the personal injuries which she suffered on 6 June, 1928, were caused by the negligence of the defendant in failing to exercise ordinary care to provide for her while she was performing her duties as its employee, a reasonably safe place to work. This allegation is denied in the answer.
In further defense of the action, the defendant pleads the three-year statute of limitations; the judgment of nonsuit in the former action instituted by the plaintiff against the defendant on the same cause of action as that alleged in the complaint in this action, and the contributory negligence of the plaintiff.
At the conclusion of the evidence for the plaintiff at the trial of this action, the defendant moved for judgment dismissing the action.
On the hearing of defendant's motion, the court found from the evidence offered by the plaintiff that the cause of action alleged in the complaint in this action is the same, or substantially the same, as that alleged in the action which was dismissed by judgment of nonsuit on 8 July, 1933; that the evidence for the plaintiff at the trial of this action is the same, or substantially the same, as that offered by the plaintiff at the trial of the former action; and that the decision in the *Page 225 
former action that plaintiff by her own negligence contributed to her injuries is res judicata, and conclusive upon the plaintiff in this action.
The court was of the opinion that on all the evidence offered by the plaintiff at the trial of this action she was guilty of contributory negligence, and for that reason could not recover in this action.
The court was further of the opinion that if the cause of action alleged in the complaint in this action is not the same, or substantially the same, as that alleged in the former action, on the facts shown by the evidence for the plaintiff, this action is barred by the three-year statute of limitations.
On the facts found by the court, and in accordance with its opinion that in any event the plaintiff on her own testimony was guilty of contributory negligence which barred her recovery in this action, or that if the cause of action alleged in the complaint in this action is not the same, or substantially the same, as the cause of action alleged in the complaint in the former action, the plaintiff is barred of recovery in this action by the three-year statute of limitations, the motion of the defendant was allowed, and plaintiff excepted.
From judgment dismissing the action, the plaintiff appealed to the Supreme Court, assigning errors, as shown by the record.
At the hearing of the defendant's motion that the action be dismissed for the reason, among others, that the judgment of nonsuit in the former action is a bar to plaintiff's recovery in this action, the court considered the evidence offered by the plaintiff at the trial, and from such evidence found the facts on which the motion of the defendant was allowed. See Batson v. Laundry Co., 206 N.C. 371, 174 S.E. 90. Ordinarily, if there was evidence tending to show the facts on which a motion was allowed, or denied, to be as found by the court, its findings of fact will not be reviewed by this Court. In the instant case we are of opinion that all the evidence shows that the facts are as found by the court. Its findings of fact will not be disturbed.
On the facts found by the court, there was no error in the order allowing the defendant's motion, or in the judgment dismissing the action on the ground that the plaintiff is barred of recovery in this action by the judgment of nonsuit in the former action. In affirming the judgment of Judge Devin (Batson v. Laundry Co., 205 N.C. 93, 170 S.E. 136), this Court, speaking through the late Justice Brogden, said: "A liberal interpretation of plaintiff's testimony leads to the *Page 226 
inevitable conclusion that at the time of her injury she was not exercising ordinary care for her own protection, and must therefore bear the consequences of her unfortunate injury."
The judgment is affirmed on the authority of Hampton v. Spinning Co.,198 N.C. 235, 151 S.E. 266.
Affirmed.
DEVIN, J., took no part in the consideration or decision of this case.