GEORGE W. SMITH v. McDOWELL FURNITURE COMPANY, A CORPORA-
TION; WILLIAM E. STEVENS, TRUSTEE IN BANKRUPTCY OF McDOWELL
FURNITURE COMPANY; AND J. H. L. MILLER AND FRED C. MORRIS,
PARTNERS, TRADING AS BUILDERS SUPPLY COMPANY, A PARTNERSHIP.

(Filed 27 September, 1950.)

**1. Appeal and Error § 6c (3) —**

Where appellant excepts to the trial court's allowance of a motion to
dismiss, but does not except to the findings upon which the court's ruling
was based, only the correctness of the ruling upon the facts found is
presented for review.

**2. Judgments § 33a—**

Where the trial court finds after examination and comparison of the
records in a subsequent action between the same parties upon substan-
tially identical allegations that the evidence in the second action is sub-
stantially identical with that of the first, and the record reveals sufficient
basis for the findings, judgment dismissing the second action on the
ground of *res judicata* will be affirmed on appeal.

APPEAL by plaintiff from *Rudisill, J.,* July Term, 1950, of McDOWELL.
Affirmed.

This was an action to recover damages for injury to person and prop-
erty growing out of a collision between motor vehicles, alleged to have
resulted from the negligence of the defendants McDowell Furniture
Company and the Builders Supply Company, a partnership.

This case was here at Fall Term, 1941, on the appeal of defendant
Furniture Company from the denial of its motion for removal to U. S.
District Court, and is reported in 220 N.C. 155. The case was here again
at Spring Term, 1942, on plaintiff's appeal from a judgment of nonsuit
as to both defendants, and the judgment below was affirmed, *Justice
Schenck* not sitting and the remaining members of the Court being evenly
divided in opinion. This result is reported in 221 N.C. 536. Subse-
quently petition to rehear was denied by *Justice Schenck,* and plaintiff's
motion in the Superior Court for a new trial for newly discovered evi-
dence was denied by Judge Sink 12 August, 1942.

Thereafter plaintiff instituted this action against the same defendants
for the same cause of action. At the conclusion of the plaintiff's evidence
defendants moved to dismiss the action for that the judgment and record
in the former action constituted *res judicata,* and that plaintiff was
thereby estopped from maintaining this action. The court made the
following finding: "The court finds as a fact, from all the evidence before
the court and from the evidence in the trial of this action at the present
term, the same having been tried on its merits, that this action is between
the identical parties plaintiff and defendants as the former action tried

at the December 1941 Special Term of the Superior Court of McDowell County, and that the present cause of action is the identical cause of action heretofore tried between the identical parties at said December 1941 Special Term; the court further finding as a fact, upon a careful consideration of all the evidence in this trial, that said evidence is substantially identical with the evidence in the trial of the former action between the same parties at the December 1941 Special Term of this court, and that the pleadings in this action are substantially identical with the pleadings in the said former action between the same parties, and that the merits in this action are idenical with the merits in the former trial between the same parties."

Thereupon the defendants' motion was allowed, and the plaintiff's action dismissed. Plaintiff excepted to the ruling of the court below and appealed to this Court.

*Paul J. Story for plaintiff, appellant.*

*Smathers & Meekins for defendant McDowell Furniture Company, appellee.*

*Proctor & Dameron for defendant appellee, J. H. L. Miller and Fred C. Morris, Partners, Trading as Builders Supply Company.*

DEVIN, J. It was admitted that the present action is between the same parties and for the same cause as that alleged in the former action which was terminated by judgment of nonsuit, affirmed on appeal. But it was contended that new and additional evidence had been offered in the present action which had not been offered in the former action, particularly as tending to repel the inference of contributory negligence on the part of the plaintiff, and that this action was not being prosecuted upon substantially the same evidence as that appearing of record in the previous action. *Hampton v. Spinning Co.,* 198 N.C. 235, 151 S.E. 266.

However, the trial judge has decided against the plaintiff on this point, and found, after examination of the testimony offered at the present trial in comparison with the record of the evidence offered at the former trial, that the evidence here "is substantially identical" with the evidence in the trial of the former action. The plaintiff excepted to the ruling of the court in dismissing his action, but did not except to the findings of fact upon which the court's judgment was based, leaving only the correctness of the ruling on the facts found as the question presented by the appeal. *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609; *Fox v. Mills, Inc.,* 225 N.C. 580, 35 S.E. 2d 869; *Manning v. Ins. Co.,* 227 N.C. 251 (258), 41 S.E. 2d 767; *Lea v. Bridgeman,* 228 N.C. 565, 46 S.E. 2d 555; *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351.

While ordinarily a party against whom a judgment of nonsuit has been rendered may commence a new action within one year (G.S. 1-25), this right is subject to the rule announced in *Hampton v. Spinning Co.,* 198 N.C. 235, 151 S.E. 266, that where a judgment of nonsuit has been entered, and a new suit has been commenced between the same parties based on substantially identical allegations and supported by substantially identical evidence, and these facts are found by the court, the judgment in the former action will be held *res judicata* and a bar to the maintenance of the second suit. This rule has been consistently adhered to by this Court. *Batson v. Laundry Co.,* 209 N.C. 223, 183 S.E. 413.; *Chapman v. Tea Co.,* 210 N.C. 842, 188 S.E. 628; *Ingle v. Cassady,* 211 N.C. 287, 189 S.E. 776; *Smith v. Ins. Co.,* 216 N.C. 152, 4 S.E. 2d 321; *Cleve v. Adams,* 222 N.C. 211, 22 S.E. 2d 567; *Craver v. Spaugh,* 227 N.C. 129, 41 S.E. 2d 82; *Yancey v. Yancey,* 230 N.C. 719 (721), 55 S.E. 2d 468.

Here the court has found facts which bring the plaintiff's present action squarely within the rule laid down in *Hampton v. Spinning Co., supra,* and an examination of the record reveals sufficient basis for these findings. The judgment of dismissal logically follows.

Judgment affirmed.