NANCY E. CULBRETH, ADMINISTRATRIX, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 27 October, 1915.)

**1. Carriers of Goods—Bills of Lading—Reasonable Stipulations—Contracts.**

A bill of lading issued by a railroad company for the transportation and delivery of freight, when accepted by the shipper and consignee, becomes a valid and binding contract between them as to all reasonable stipulations thereon.

**2. Same—Claims for Damages—Conditions Precedent—Limitation of Actions —Contracts Against Negligence—Public Policy.**

A stipulation on a freight bill of lading that "Claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after the delivery of the property, or in case of failure to make delivery of the property, then within four months after a reasonable time for delivery has elapsed," or the carrier shall not be liable, is a reasonable and valid stipulation, requiring the performance of the condition as giving an opportunity to avoid unconscionable claims, and is not regarded as a stipulation limiting the liability of the company for damages arising from its own negligence.

**8. Carriers of Goods—Bills of Lading—Reasonable Stipulations—Trials—Evidence—Burden of Proof.**

Where the plaintiff seeks to recover damages to a shipment of goods under a bill of lading requiring notice of claim in writing to be given within a certain time, and the stipulation is reasonable and valid, the burden is on the plaintiff to show a compliance therewith.

**4. Same—Nonsuit.**

Where the plaintiff, in her action to recover damages to a shipment of goods, has failed to show by her evidence a compliance with a valid stipulation in the bill of lading, requiring notice to the defendant of her claim before such loss may be recovered, and a judgment of nonsuit is entered, she may, in another action therefor, show, if she can, the required notice had been given by her.

APPEAL by defendant from *Whedbee, J.,* at the February Term, 1915, of COLUMBUS.

Civil action. Plaintiff sued for damages resulting from injuries to household furniture which she had shipped via the Southern Railway Company and the defendant Atlantic Coast Line Railroad Company, from Raleigh, N. C., by way of Selma, N. C., to Wilmington, N. C., under a bill of lading issued to and accepted by plaintiff, which contained this stipulation: "Claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after the delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be liable." There was evidence of damage to the furniture when delivered by the defendant at Wilmington. There was an exception to the charge, but it need not be considered, in the view taken of the case by the Court.

Defendant moved to nonsuit the plaintiff, and to dismiss the action, under the statute, at the close of the plaintiff's testimony, and also at the close of all the testimony. The motions were denied and an exception duly entered. There was a verdict for the plaintiff, under the charge of the court, for damage to the goods, and judgment was rendered thereon. Defendant reserved all exceptions, assigned errors, and, among them, the refusal to nonsuit, and appealed.

*L. V. Grady for plaintiff.*
*Davis & Davis and Schulken, Toon & Schulken for defendant.*

WALKER, J., after stating the case: It has been well settled by our decisions, and it would seem to be an elementary rule of the law, that a bill of lading issued by the carrier of goods and accepted by the shipper and consignee constitutes a contract between them, and that each of them is governed by its terms, and their respective rights and liabilities are regulated thereby. 6 Cyc., 417; *Post v. R. R.,* 138 Ga.,

763. It is usual to insert in bills of lading or other contracts for shipment a provision that written notice of a claim for loss or damage to the goods shall be given to the carrier in a designated manner and within a specified time, such as two, three, or four months, and that, unless the notice is given, there will be no liability on the part of the carrier, and such stipulations have been upheld as valid and binding, so far as they are found to be reasonable. *Austin v. Railroad Co.,* 151 N. C., 137; *Deans v. Railroad Co.,* 152 N. C., 171; *Cigar Co. v. Express Co.,* 120 N. C., 348, where *Justice Clark* says that such a stipulation for 60 days notice would be reasonable and valid, following the decision in *Sherrill v. Telegraph Co.,* 109 N. C., 527, where a similar notice, as to claim for damages, to be given 60 days after it accrues, was required, was held to be good. See, also, *Selby v. Railroad Co.,* 113 N. C., 588; *Express Co. v. Caldwell,* 21 Wallace, 264; 4 Elliott on Railroads (2 Ed.), sec. 1512; *The Westminster,* 127 Fed., 680; *Express Co. v. Glenn,* 16 Lea, 472; *Express Co. v. Harris,* 51 Indiana, 127; *Lewis v. Railroad,* 5 Hurl. and N., 867.

It is plain that the stipulation is, in no sense, an exemption from liability for negligence, directly or indirectly, but a reasonable provision that the company be apprised of the claim in seasonable time, so that it may investigate the case and avoid the payment of false and fictitious demands, and this was held in *Selby v. Railroad Co., supra,* and *Sherrill v. Telegraph Co., supra; L. C. Co. v. Railway Co.,* 107 Va., 323; *Atlantic Coast Line Railroad Co. v. Bryan,* 109 *ibid.,* 523; *Va.-Caro. Chem. Co. v. So. Express Co.,* 110 *ibid.,* 666, where full discussion of the subject will be found. The Court closed its opinion in *So. Express Co. v. Caldwell,* 21 Wallace, at p. 272, with these words: "Our conclusion, then, founded upon the analogous decisions of the courts, as well as upon sound reason, is that the express agreement between the parties was a reasonable one, and hence that it was not against the policy of the law. It purported to relieve the defendants from no part of the obligations of a common carrier. They were bound to the same diligence, fidelity and care as they would have been required to exercise if no such agreement had been made. All that the stipulation required was that the shipper, in case the package was lost or damaged, should assert his claim in season to enable the defendants to ascertain the facts; in other words, that he should assert it within ninety days." The two propositions decided in that much-cited case are:

1. The responsibility of a common carrier may be limited by an express agreement made with his employer at the time of his accepting goods for transportation, provided the limitation be such as the law can recognize as reasonable and not inconsistent with sound public policy.

2. An agreement that, in case of failure by the carrier to deliver

goods, he shall not be liable, unless a claim shall be made by the bailor or by the consignee within a specified period, if that period be a reasonable one, is not against the policy of the law, and is valid.

Having settled this preliminary question in favor of defendant, we now come to the next and important one, whether the plaintiff has complied with the provision and thereby fixed the defendant with liability. We think she has not. In an action on contract, if the plaintiff's right depends upon the performance of a condition or stipulation of the agreement, he should allege and prove the performance of it or a legally sufficient excuse for its nonperformance, or fail in his suit. 9 Cyc., pp. 699 and 721. And it has been said that in case of noncompliance with his part of the obligation, he may not recover even upon a *quantum meruit. Ibid.,* 722; *Escott v. White,* 10 Bush. (Ky.), 169. But, however the law may be with regard to the pleadings, it is very certain that plaintiff must have shown performance on her part of this stipulation as a condition to her right of recovery. To this point the authorities are numerous. *U. S. Express Co. v. Harris,* 51 Ind., 127; *Bogardus v. Insurance Co.,* 101 N. Y., 328; *So. Express Co. v. Caldwell,* 21 Wall., 264; *Kalina v. U. P. Railroad Co.,* 69 Kansas, 172; *Osterhoudt v. So. Pac. Co.,* 62 N. Y. Suppl., 134; *C. and A. Railroad Co. v. Simms,* 18 Ill. App., 68; *N. P. Express Co. v. Martin,* 26 Canada Sup. Ct., 135; 4 Elliott on Railroads (2 Ed.), sec. 1512; *The Westminster,* 127 Fed., 680. In *Kalina v. U. P. Railroad Co., supra,* the Court held:

1. Where the shipping contract contains a lawful provision requiring the shipper to do something as a condition precedent to recovery, the burden of showing the performance of such condition rests upon the shipper, and if he fail to show performance he cannot recover.

2. This rule applies not only to a case where it is made to appear during the progress of the trial that plaintiff is seeking to recover upon a shipping contract containing such condition, but also to one where it has been counted upon in his petition, or set out as defensive matter by the carrier.

It was held in *Osterhoudt v. So. Pac. Co., supra,* that the burden of showing compliance with a shipping contract requiring the presentation of claims for damage to the carrier, within a given time, is on the shipper who seeks to recover for a loss of or injury to goods, even though he alleged a contract of shipment in general terms and the contract, as here, merely appeared in the evidence. *N. P. Express Co. v. Martin, supra,* held that the shipper or consignee, as the case may be, "must comply strictly with these terms (notice of loss), as a condition precedent to recovery against the carrier for failure to deliver, or for damage to the parcel, intended for the consignee," and must also allege and prove performance of the stipulation. That case is very much in point here, as is also *C. and A. Railroad Co. v. Simms, supra.*

The stipulation, therefore, is not merely a conventional limitation of the shipper's right to sue the carrier, as he is left at liberty to sue at any time within the period fixed by the statute of limitations, but it is an essential condition of the contract by which he is required to make his claim within the prescribed time, or in season for the carrier to ascertain the facts for his safety against spurious claims, and having presented his claim, as required by the contract, the shipper may delay suit. He must, though, show performance of the provision in order to recover. Has the plaintiff done this? Her own evidence showed conclusively that she had not. She stated that "as a matter of fact, she could not say that there was any claim filed with the company." If she trusted the matter to Mr. Head, who was not connected with the defendant, as its agent, or otherwise, so far as appears, she should have proved that the claim was filed by him, as required by the contract; but *that* she did not do. There is not any evidence of a claim being filed, showing its nature and the amount, or of anything that approximates it, and not even ground for a fair conjecture that it was filed.

But the plaintiff may hereafter show, if she can, that such a claim was filed, as a nonsuit does not prevent the bringing of another action or bar the same, as we held in *Tussey v. Owen,* 147 N. C., 335, following prior decisions of this Court, which are cited therein. We may add the following more recent cases: *Eureka L. Co. v. Harrison,* 148 N. C., 333; *Smith v. Manufacturing Co.,* 151 N. C., 260; *Tuttle v. Warren,* 153 N. C., 459. Unless the plaintiff can supply the deficiency in the present testimony, another suit will not avail her.

In the absence of the essential proof in this case, the motion to non-suit must be sustained, which reverses the judgment.

Reversed.