D. C. McCOTTER v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 8 October, 1919.)

1. **Carriers of Goods—"Order, Notify"—Title—Consignors—Disposition of Goods.**

Ordinarily the consignor of a shipment by common carrier of goods, "to order of consignor, notify," retains the title sufficiently to control the route, destination and delivery, unless he has by assignment of the bill of lading or contract for value creating an interest in the goods deprived himself of his rights over them.

2. **Evidence—Nonsuit—Trials.**

Upon a motion to nonsuit, the testimony in support of plaintiff's claim must be taken as true and construed in the light most favorable to him.

McCOTTER' v. R. R.

3. Carriers of Goods—Commerce—Production of Bill of Lading—Waiver—Negligence—Connecting Carriers—Carmack Amendment.

The delivering carrier of a shipment by interstate carriage refused delivery to the person designated on account of his failure to produce the bill of lading, which had been mislaid or lost, and the goods were thereby damaged. There was evidence tending to show that the consignor arranged with the initial carrier for delivery without requiring the production of the bill of lading, which promptly informed the delivering carrier by telegram before the damages complained of had occurred: *Held*, the delivering carrier was not exonerated by the mere failure of the consignee to produce the bill of lading under the evidence if found as facts by the jury, and a motion as of nonsuit against the initial carrier was properly denied, such carrier being responsible for the acts of the delivering carrier under the Carmack and like amendments to the Interstate Commerce Act.

4. Carriers of Goods—Evidence—Negligence—Nonsuit.

Where there is evidence tending to show that the negligent delay of the carrier in transmitting or delivering a consignment of potatoes caused the shipment to be ruined by cold weather, a motion as of nonsuit on the evidence by the carrier, in an action against it for damages, will be denied.

5. Carriers of Goods — Bills of Lading—Negligence—Damages—Claims—Statute—Interstate Commerce.

A statement given by the consignee by the delivering carrier of the interstate shipment, within the statutory ninety days, giving full notice of the claim, showing the amount, nature and value of the shipment, the date and address, the car in which the goods were sent, its arrival at destination and the condition of the goods, is a sufficient compliance with the requirements of the bill of lading as to notice of the claim.

6. Carriers of Goods — Transportation—Negligence—Claims—Notice—Conditions Precedent.

Where damages are caused to a shipment of goods by the negligence of the carrier in their transportation and delivery, no notice to or claim on the carrier for such damages shall be required as a condition precedent to the recovery therefor.

ACTION to recover damages for loss caused by negligent delay in shipment and delivery of a lot of potatoes from Bayboro, N. C., to Roanoke, Va. The goods shipped by plaintiff to his own order, notify Roanoke Fruit Company, etc., on 12 December, 1914. The shipment was routed over Norfolk and Western, in State of Virginia, the defendant being the initial carrier, receiving the shipment at Bayboro as stated. On denial of liability the jury rendered the following verdict:

1. Did the plaintiff on or about 12 December, 1914, deliver to defendant at Bayboro, N. C., 105 barrels of sweet potatoes in good condition to be safely transported and delivered within a reasonable time over said railroad and its connecting carriers to consignee or agent, Roanoke, Va.? Answer: "Yes."

2. If so, did defendant negligently fail to transport and deliver said potatoes within a reasonable time and thereby damage plaintiff, as alleged? Answer: "Yes."

3. If so, what damage, if any, is plaintiff entitled to recover? Answer: "$189.90 at 6 per cent from 30 December, 1914, to date."

4. Did plaintiff file notice of claim as required by the bill of lading? Answer: "Yes."

Judgment on verdict for plaintiff, and defendant excepted and appealed.

*D. L. Ward and Z. V. Rawls for plaintiff.*
*Moore & Dunn for defendant.*

HOKE, J. There was evidence on part of plaintiff tending to show that the potatoes delivered for shipment to the defendant road at Bayboro, N. C., on 12 December, 1914, and routed via Norfolk and thence over Norfolk and Western to Roanoke, Va., and arrived at this point on 17 December following. That owing to the fact that the bill of lading was lost or delayed in the mails, the delivering carrier refused to turn over the goods without presentation of a bill of lading or a bond of indemnity and did not do so until 23 December. That the weather was mild at the time the potatoes were shipped and continued so until 17 December, when it turned very cold and continued to be freezing weather for several days thereafter, and owing to the delay in delivery of potatoes the same were frozen and became worthless. That on arrival of potatoes at Roanoke they were applied for by the American Brokerage Company, acting at Roanoke for the shipper, and delivery being refused for want of bill of lading, the brokerage company wired that no bill of lading had been received, etc., and had a message in reply that the defendant road had been requested to notify the Norfolk and Western to deliver without bill of lading. There was further evidence tending to show that on receipt of message from his brokers plaintiff saw agent of defendant road and requested it to notify the Norfolk and Western by telegram to deliver without bill of lading and that shipper had offered bond of indemnity. That said shipper offered a bond to defendant's agent and was told that his standing was well known and that he need not give a bond. There were also facts in evidence to the effect that this message was received by the Norfolk and Western on 17 December, and further, that the brokerage company, in renewing its demand for the potatoes, informed the agent of the delivering carrier that the message directing delivery without a bill of lading had been forwarded by the defendant road at request of the owner. The testimony on the part of defendant tended to show that the message from the initial carrier directing delivery without presentation of bill of

lading was not received till 23 December, at which time potatoes were forthwith surrendered to shipper's agent and without bond. On these, the facts more directly pertinent to the issue, it was urged for error that the court refused to allow defendant's motion for a nonsuit and this for the reason, chiefly, that the delivering carrier was not required to surrender potatoes without presentation and surrender of the bill of lading, but on the record we are of opinion that the position cannot be maintained. Not only is it the accepted rule on a motion of this kind that the testimony in support of plaintiff's claim must be taken as true and construed in the light most favorable to him, but it appears from a perusal of his Honor's charge on the third issue that, in this aspect of the case, the jury have necessarily determined that the message from defendant directing delivery without the bill of lading was received in Norfolk on 17 December, and in such case, in refusing delivery, we concur in the opinion of the lower court that a breach of duty has been properly established on the part of the Norfolk and Western and for which defendant may be held liable under the Carmack and subsequent amendments to the Interstate Commerce Act. *Paper Box Co. v. Ry.,* 177 N. C., 351, and cases cited; *Mann v. Transportation Co.,* 176 N. C., 104.

In a shipment of the kind presented here, "to order of consignor, notify," the title to the goods remains in the shipper, and ordinarily he has the control of same as to route, destination and delivery unless he has, by assignment of the bill of lading or other contract for value creating an interest in the goods, deprived himself of his rights over them. In Hutchison on Carriers, sec. 193, the position is stated as follows: "When there has been no agreement to ship the goods which will make the delivery of them to the carrier a delivery to the consignee and vest the property in him, the shipper may, even after the delivery to the carrier and after the bill of lading has been signed and delivered, or after the goods have passed from the possession of the initial carrier into that of a succeeding one, alter their destination and direct their delivery to another consignee, unless the bill of lading has been forwarded to the consignee first named or to some one for his use." A principle very generally recognized and approved and applied with us in *Richardson and Produce Co. v. Woodruff & Son* at present term; *Myers v. R. R.,* 171 N. C., 190; *Development Co. v. R. R.,* 147 N. C., 506, and other cases.

On the facts presented, therefore, a failure to deliver the potatoes to the owner or his agent on a telegraphic message from the initial carrier directing that this be done without presentation of the bill of lading, made at the request of the owner and consignor in the bill of lading, would be sufficient to sustain the verdict on the issue, and in this connection it may be well to note that when such consignor requested that

the message be sent he offered to give a bond of indemnity and was told that no such bond would be required.

In no event would an order of nonsuit be justified, there being additional evidence on the part of plaintiff tending to show that the time actually taken for the shipment from 12 December to 17 was too long, and in itself might reasonably have caused the injury complained of.

It was further contended that no recovery should be allowed because no claim was filed within the time required by the terms of the contract. Stipulations of this kind, when reasonable, have been approved by us in cases coming under the laws of this jurisdiction. *Culbreth v. R. R.,* 169 N. C., 725. And in interstate shipments are expressly recognized by the statute when not for a shorter period than ninety days. It appears, however, that on 29 December, 1914, the same month when the loss occurred, the plaintiff's broker in Roanoke, acting for plaintiff, filed with the delivering carrier a full notice of claim, showing the amount, nature and value of the shipment, the date and address, the car in which the goods were sent, the time it arrived at Roanoke, and the condition of the goods. It would seem to be a full compliance with the requirement of the contract "that the claim be presented at the point of delivery or point of origin within four months. Apart from this the verdict having established that the loss was caused by negligence in shipment and delivery of goods, the statute applicable (*Mann v. Transportation Co., supra*), provides that no notice or claim shall be required as a condition precedent to recovery.

On careful consideration of the record we have found no error to defendant's prejudice, and the judgment of the Superior Court is affirmed.

No error.