RIGO MANUFACTURING COMPANY v. B. D. PRIDGEN ET AL.

(Filed 8 March, 1939.)

**Carriers § 10—**

> An action against a carrier by the consignor to recover the value of certain shipments of goods rejected by the consignee is properly dismissed when instituted without any prior notice or claim of loss having been filed with the carrier as required by the bill of lading as a condition precedent.

APPEAL by plaintiff from *Bone, J.,* at November Term, 1938, of WILSON.

Civil action by consignor to recover of consignee and delivering carrier $181.73 value of three interstate shipments of goods.

On 8 March, 1935, on 5 September, 1935, and again on 3 February, 1936, the plaintiff delivered to the Nashville, Chattanooga & St. Louis Railway Company at Nashville, Tenn., a shipment of goods consigned to B. D. Pridgen, Wilson, N. C., taking therefor on each occasion a uniform straight bill of lading.

There is evidence tending to show that the delivering carrier tendered the goods to the consignee, who rejected them, and the record is silent as to what became of the shipment.

This action was instituted 7 September, 1937, without any prior notice or claim of loss having been filed with the Atlantic Coast Line Railroad Company, as required by the bills of lading.

In the court of first instance, the plaintiff was awarded judgment against the carrier and a nonsuit entered in favor of the consignee.

From this judgment, the carrier appealed to the Superior Court, where "a voluntary nonsuit was taken as to B. D. Pridgen," and the court sustained a motion for judgment as in case of nonsuit in favor of the A. C. L. Railroad Company.

From this latter judgment, the plaintiff appeals, assigning error.

*D. M. Hill and Connor & Connor for plaintiff, appellant.*

*F. S. Spruill, W. A. Townes, and Finch, Rand & Finch for defendant A. C. L. Railroad Company.*

PER CURIAM. As plaintiff failed to comply with the requirements of notice set out in each bill of lading and designated "as a condition precedent to recovery," its action against the carrier was properly dismissed. *St. Sing v. Express Co.,* 183 N. C., 405, 111 S. E., 710; *Culbreth v. R. R.,* 169 N. C., 723, 86 S. E., 624.

Affirmed.